190 N.J. Super. 249 (1983)
463 A.2d 346
CAROL ANNE APPLEBY, APPELLANT,
v.
STATE OF NEW JERSEY CIVIL SERVICE COMMISSION AND STATE OF NEW JERSEY DEPARTMENT OF HUMAN SERVICES, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 19, 1983.
Decided May 16, 1983.
*250 Before Judges MICHELS, PRESSLER and TRAUTWEIN.
William H. Covert argued the cause for appellant (Reitman, Parsonnet, Maisel & Duggan, attorneys; William H. Covert, of counsel and on the brief).
Mark J. Fleming, Deputy Attorney General, argued the cause for respondents (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; James J. Ciancia, Assistant Attorney General, of counsel; Mark J. Fleming, on the brief).
The opinion of the Court was delivered by MICHELS, P.J.A.D.
Carol Anne Appleby (Appleby) appeals from a final administrative action of the Civil Service Commission (Commission), denying her sick leave injury (SLI) benefits.
The facts giving rise to this appeal are essentially uncontroverted. On November 17, 1981 at approximately 8:00 p.m., Appleby, a Social Worker II with the Division of Youth and Family Services in the Department of Human Services, was involved in an automobile accident. At the time, she was driving home from work after having completed her last assigned client interview at the client's home. Because home visits were part of Appleby's duties, she was not entitled to *251 overtime wages, but was classified "N.L." (no limit) as to weekly hours.
On this day, Appleby left her office at 2:45 p.m. to conduct four home interviews, the last at 7:00 p.m. She was scheduled to attend a training program early the next morning at the Middlesex County district office. Therefore, she requested and received authorization from Dorothy Borrelli, an assistant supervisor in her office, to take a state automobile home. She had completed her interviews and was on her way home when she was injured in a one-car accident. She claims that she had planned to telephone a fifth client when she arrived home. In the accident, Appleby suffered a slight laceration of her left instep and bruises on her right hip. X-rays at County Memorial Hospital after the accident showed a "questionable cortical fracture" of the right elbow; but an examination by Dr. Jacob Seltzer the next day showed only a contusion of that elbow. Dr. Seltzer could give no estimate of a return to work date because appellant never returned for further examination. However, he allegedly told appellant to stay home the rest of the week, which she did. She then developed headaches and stayed out a total of nine or ten days. On November 30, she was examined by Dr. David Sobel, who found "no neurological deficit" and "no evidence of trauma." He recommended no time off.
By letter of December 18, 1981, the appointing authority denied Appleby SLI benefits, citing the Commission's policy that employees on the way home from work are not in the course of employment for purposes of SLI benefits and suggested that she apply for Workers' Compensation.[1] Appleby appealed to the Commission, which denied her appeal.
Appleby appeals to this court contending (1) that the Commission's conclusion that she was not acting within the scope of her *252 employment at the time of the accident is contrary to the facts, and (2) that the Commission's policy of denying SLI benefits to employees injured going and coming from work violates the mandate of N.J.S.A. 11:14-2. We disagree and affirm.
By virtue of N.J.S.A. 11:14-2, each state employee in the classified civil service is to be granted one day of paid sick leave for each month until the December 31 following his appointment and at least 15 days paid sick leave per year thereafter. Determination of the exact number of sick leave days is expressly left to the chief examiner and secretary of the Commission, who is to fix the number by regulation. The statute reads, in part:
In the preparation and administration of regulations regarding sick leaves of absence with pay as provided in section 11:14-1 of this Title, every employee in the classified service shall, in addition to his annual vacation leave with pay, be granted sick leave, as hereinafter defined, with pay of not less than 1 working day for every month of service during the remainder of the first calendar year of service following permanent appointment, and in addition 15 working days in every calendar year thereafter. If any such employee requires none or only a portion of the allowable sick leave for any calendar year, the amount of such leave not taken shall accumulate to his credit from year to year and such employee shall be entitled to such accumulated sick leave of absence with pay if and when needed. In computing the accumulation of sick leave, the years of service of such employee prior and subsequent to the adoption of this act shall be used. [N.J.S.A. 11:14-2.]
This paid sick leave is not limited to illness or injury related to employment. Instead,
[s]ick leave is hereby defined to mean absence from post of duty of an employee because of illness, accident, exposure to contagious disease, attendance upon a member of the employee's immediate family seriously ill requiring the care or attendance or [sic: of] such employee, or absence caused by death in the immediate family of said employee. A certificate of a reputable physician in attendance shall be required as sufficient proof of need of leave or leaves of absence of the employee or the need of the employee's attendance upon a member of the employee's immediate family. In the case of an illness of a chronic or recurring nature causing an employee's periodic or repeated absence from duty for 1 day or less, only one medical certificate shall be required for every 6-month period as sufficient proof of need of leave of absence of the employees; provided, however, that certificate must specify that the chronic or recurring nature of the illness is likely to cause subsequent absences from employment. In case of leave of absence due to exposure to contagious disease a certificate from the Department of Health shall be required. In case of death in *253 the family of the employee, any reasonable proof required by the department head shall be sufficient. [N.J.S.A. 11:14-2.]
However, the Commission is granted the power to promulgate regulations to provide for longer paid sick leaves for work-related injuries and illnesses:
The commission shall establish regulations extending leaves of absence with pay or with part pay for longer periods to employees disabled either through injury or illness as a result of, or arising from, their respective employment. [Ibid.]
Pursuant to this statutory grant of power, the Commission has promulgated N.J.A.C. 4:1-17.9, which provides in part:
(a) In State service, any employee who is disabled through injury or illness as a result of or arising from his/her respective employment may, on the recommendation of the appointing authority and approval by the Civil Service Department, be granted a leave of absence with pay. Any amount of salary or wages paid or payable to an employee for disability leave shall be reduced by the amount of worker's compensation awarded under the New Jersey Worker's Compensation Act for temporary disability:
1. Such leave shall not be granted beyond one year from the date of injury or illness;
2. The appointing authority shall furnish the Department of Civil Service with such medical or other proof relating to the injury or illness and the continued disability of the employee.
3. Such leave shall be with full pay where the employee has demonstrated that she/he is unable to perform his/her job. Where the employee is able to return to work in a part-time capacity, the employee shall be compensated for the hours actually worked, and shall receive sick leave injury benefits for the time absent from work as a result of the disability.
4. In order to arrive at a determination of whether sick leave injury benefits should be recommended, the appointing authority may require that the employee be examined by a physician designated by the appointing authority to determine the nature, cause and extent of the injury. The costs of such examination shall be paid by the appointing authority.
5. In recommending sick leave injury benefits, the appointing authority shall be governed by standards adopted by the Civil Service Commission.
The "standards" referred to in N.J.A.C. 4:1-17.9(a)5 are set forth in N.J.A.C. 4:2-17.10, as follows:
(a) This section sets forth the standards to be applied in determining whether sick leave injury benefits (SLI) should be granted to an employee. In particular, these standards strictly limit the definition of work relatedness for purposes of determining sick leave injury benefits.
(b) Standards:

*254 1. Causation: The employee's disability must be an injury or illness resulting from, or arising from, the employment.
i. Injuries which would clearly not have occurred but for a specific work-related accident or a condition of employment are compensable.
ii. Preexisting physical illnesses, diseases or defects aggravated by the employment shall not be compensable where such aggravated injury was a condition of the job that was foreseeable by the employees.
iii. Psychological or psychiatric illness shall not be compensable except where such illness may be traced to a specific work-related accident or occurrence which traumatized the employee, thereby creating the illness, and the claim is supported by medical documentation.
iv. Illnesses such as heart disorder, not clearly caused by the employment or the work environment, are not compensable.
2. Physical area: Any accident resulting in injury for which the employee seeks compensation must occur on the work premises.
i. Work premises shall be defined as the physical area of operation of the employer, e.g. hospital and hospital grounds, building and parking facilities provided by the State for the benefit of its employees, etc.
ii. The employee shall be compensated for any injury which occurs off the normal work premises while s/he is clearly acting within the scope of the employment.
3. Time: For an injury to be compensable, it must occur during the employee's normal working hours or during approved overtime hours.
4. Burden of proof: In all cases, the burden of proof is on the employee.
Application of these regulations compels the conclusion that Appleby did not satisfy the standards for entitlement to SLI benefits. Appleby's injury did not occur during her normal working hours or during approved overtime hours as required by N.J.A.C. 4:2-17.10(b)3. It is uncontroverted that the injury occurred when Appleby was driving home after her last client visit. The record shows that Appleby's work day ended with the completion of her last home interview. Nothing in the record suggests that her work day continued until she reached home or that she was on approved overtime at the time of the accident. On the contrary, according to William Readel, the Administrator of the Division of Youth and Family Services's Central Regional office, overtime for social workers ends when the last home visit ends. Thus, Appleby failed to satisfy the time standard of N.J.A.C. 4:2-17.10(b)3 that her injury occur during her normal working hours or during approved overtime hours.
*255 Furthermore, the physical area standard of N.J.A.C. 4:2-17.10(b)2ii, which requires proof that the injury, if off the normal work premises, occurred while she "clearly" was acting within the scope of her employment, was not satisfied merely because Appleby was authorized to drive the state automobile home after her last interview or because she intended to make an employment-related telephone call when she returned home. Thus, we agree with the Commission's decision that Appleby's injury did not result from or arise out of her employment as defined by N.J.A.C. 4:2-17.10. Consequently, she was not entitled to SLI benefits.
This conclusion is consistent with and tracks the construction placed on the regulations by the Commission in other cases. As the administrative agency empowered to promulgate and enforce the Civil Service Act, the Commission's construction of the act and its regulations is entitled to great weight. Malone v. Fender, 80 N.J. 129, 137 (1979); Peper v. Princeton Univ. Bd. of Trustees, 77 N.J. 55, 69-70 (1978); Infocomp Corp. v. Somerset Trust Co., 165 N.J. Super. 382, 391 (App.Div. 1979).
Finally, we point out that Appleby's argument that the SLI benefits regulations should be read in pari materia with our Workers' Compensation Act, N.J.S.A. 34:15-7 et seq., and the judicial decisions construing it has been expressly rejected by this court. In Morreale v. Civil Service Comm'n, 166 N.J. Super. 536, 538-540 (App.Div. 1979), certif. den. 81 N.J. 275 (1979), we pointed out the different purposes of the two acts:
The respective statutes sought to be analogized by appellant have wholly different ends and purposes, and the differences warrant different rules of construction in their application. The workers' compensation statute is considered by our courts as "human social legislation designed to place the cost of worker-connected injury on the employer who may readily provide for it as an operating expense." Hornyak v. Great Atlantic & Pacific Tea Co., 63 N.J. 99, 101 (1973). Consequently, marked liberality in favor of the injured worker is commonly accorded the construction of the workers' compensation act. The Hornyak case was the first decision of the Supreme Court avowedly to place lunch-hour off-premises accidents within the coverage of the workers' compensation act, the court acknowledging that policy rather than logic was the factor determining the point at which the work relation would be held to obtain. 63 *256 N.J. at 104. Title 11 of the Revised Statutes ("Civil Service") has the different objective of achieving an efficient public service system for the welfare of all citizens by establishment of a merit system of appointment with built-in security features. See Mastrobattista v. Essex Cty. Park Comm'n, 46 N.J. 138, 145-147 (1965); Park Ridge v. Salimone, 21 N.J. 28, 44 (1956).
In particular reference to the cost of disability sick-leave benefits of public employees, we must consider that the burden falls on the State Government, to be defrayed by the taxpayers, and that in that area the imposition of costs and expenses upon the public should not be inferred from a statute not expressly or by fair implication mandating the asserted charge against the State.
In the light of the foregoing considerations, the statutory language, "injury or illness as a result of, or arising from, their respective employment" should be given the construction which its language readily implies, not one which strains the sense of the statute as the average reader would glean it. So read, an injury sustained by an employee while on her lunch hour and completely off the employment premises is not to be considered an injury as a result of or arising from the employee's employment; nor as a disability caused by "occupational injury or disease." N.J.A.C. 4:1-17.9. Off-premises lunch-time injuries were not even regarded as compensable under the liberally construed workers' compensation statutes in this State prior to the recent Hornyak decision, supra.

Affirmed.
NOTES
[1] Counsel informed us at oral argument that Appleby was awarded Workers' Compensation benefits for the injury sustained in the November 17, 1981 accident.