166 N.J. Super. 536 (1979)
400 A.2d 126
DOROTHY MORREALE, APPELLANT,
v.
STATE OF NEW JERSEY, CIVIL SERVICE COMMISSION, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 13, 1979.
Decided February 26, 1979.
*537 Before Judges CONFORD and KING.
Mr. Edward B. Meredith argued the cause for appellant (Messrs. Meredith, Meredith & Chase, attorneys).
Mr. Henry D. Blinder argued the cause for respondent (Mr. John J. Degnan, Attorney General of New Jersey, attorney; Ms. Erminie L. Conley, Assistant Attorney General, of counsel).
PER CURIAM.
Appellant appeals a determination of the Civil Service Commission denying her sick leave disability benefits for the period February 7 through August 21, 1977.
Appellant is a typist employed by the State Department of Education in Trenton. On February 7, 1977, as a result of a bomb scare, the State Police directed that the building be vacated between 11:30 A.M. and 12:30 P.M. The employees were thus given an early lunch hour. While walking in down-town Trenton during that period appellant fell after tripping on a raised sidewalk cellar door. The consequent injuries kept her out of work until August 21, 1977.
Appellant received a workers' compensation award of $4,400 for 40 weeks of permanent disability and $92 a week for 40 weeks of temporary disability. She then requested sick leave disability benefits pursuant to N.J.A.C. 4:1-17.9. That request was denied, and when appellant appealed to the Civil Service Commission that body concluded that since the accident occurred during lunch hour, when appellant was neither engaged on state business nor physically on the *538 premises of her appointing authority, no injury compensable under the disability leave regulations had occurred.
The pertinent regulation provides as follows:
(a) In State service, any employee who is disabled because of occupational injury or disease may on the recommendation of the appointing authority and approval of the Civil Service Department, be granted a leave of absence with full pay, with reduced pay or with full pay for a certain period and reduced pay thereafter, contingent upon the availability of departmental funds legally usable for this purpose. Any amount of salary or wages paid or payable to an employee for disability leave shall be reduced by the amount of workmen's compensation award under the New Jersey Workmen's Compensation Act for temporary disability.
[Emphasis supplied]
The regulation was adopted pursuant to N.J.S.A. 11: 14-2 which, in pertinent respect, provides:
The commission shall establish regulations extending leaves of absence with pay or with part pay for longer periods to employees disabled either through injury or illness as a result of, or arising from, their respective employment.
[Emphasis supplied]
Appellant's contentions are two-fold. Firstly, the accident occurred "as a result of" the employment because appellant's presence on the street at the time of injury was a result of the unusual police order to vacate the building due to the bomb scare. We do not regard the argument as persuasive. Appellant was simply given a substitute lunch hour not radically different from the normal lunch hour. The reason for the change in lunch hour is irrelevant. We therefore do not regard the causation of the injury as essentially different from the case presented if the accident had occurred off the employment premises during a normal lunch hour.
Appellant's second position is more colorable. She invokes the similarity between the language of employment relation in the sick leave statute and regulation and that *539 set forth in the workers' compensation statute, N.J.S.A. 34:15-7 ("by accident arising out of and in the course of his employment"). Appellant reminds us that off-premises accidents during an employee's lunch hour are now compensable under the workers' compensation statute. Wyatt v. Metropolitan Maintenance Co., 74 N.J. 167 (1977). The argument is that the sick leave statute and regulations and the workers' compensation statute should be read in pari materia, thereby justifying the conclusion that the instant accident calls for disability sick leave just as it would (and did) become covered for workers' compensation purposes.
We agree with the Attorney General that the argument is unsound. As stated in State v. Di Carlo, 67 N.J. 321, 325 (1975), "The adventitious occurrence of like or similar phrases, or even of similar subject matter, in laws enacted for wholly different ends will normally not justify applying the rule" [of in pari materia].
The respective statutes sought to be analogized by appellant have wholly different ends and purposes, and the differences warrant different rules of construction in their application. The workers' compensation statute is considered by our courts as "human social legislation designed to place the cost of worker-connected injury on the employer who may readily provide for it as an operating expense." Hornyak v. Great Atlantic & Pacific Tea Co., 63 N.J. 99, 101 (1973). Consequently, marked liberality in favor of the injured worker is commonly accorded the construction of the workers' compensation act. The Hornyak case was the first decision of the Supreme Court avowedly to place lunch-hour off-premises accidents within the coverage of the workers' compensation act, the court acknowledging that policy rather than logic was the factor determining the point at which the work relation would be held to obtain. 63 N.J. at 104. Title 11 of the Revised Statutes ("Civil Service") has the different objective of achieving an efficient public service system for the welfare of all citizens by establishment of a merit system of appointment with built-in security features. *540 See Mastrobattista v. Essex Cty. Park Comm'n, 46 N.J. 138, 145-147 (1965); Park Ridge v. Salimone, 21 N.J. 28, 44 (1956).
In particular reference to the cost of disability sick-leave benefits of public employees, we must consider that the burden falls on the State Government, to be defrayed by the taxpayers, and that in that area the imposition of costs and expenses upon the public should not be inferred from a statute not expressly or by fair implication mandating the asserted charge against the State.
In the light of the foregoing considerations, the statutory language, "injury or illness as a result of, or arising from, their respective employment" should be given the construction which its language readily implies, not one which strains the sense of the statute as the average reader would glean it. So read, an injury sustained by an employee while on her lunch hour and completely off the employment premises is not to be considered an injury as a result of or arising from the employee's employment; nor as a disability caused by "occupational injury or disease." N.J.A.C. 4:1-17.9. Off-premises lunch-time injuries were not even regarded as compensable under the liberally construed workers' compensation statutes in this State prior to the recent Hornyak decision, supra.
Judgment affirmed.