GEORGE E. CLEMENS, III and LINDA V. CLEMENS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clemens v. Commissioner
Docket No. 19342-85.
United States Tax Court
T.C. Memo 1989-205; 1989 Tax Ct. Memo LEXIS 205; 57 T.C.M. (CCH) 286; T.C.M. (RIA) 89205; May 1, 1989. Robert M. Schaufeld and Wayne J. Schaefer, for the petitioners. *206 Theodore Leighton and Michelle A. Missry, for the respondent. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: By notice of deficiency dated April 1, 1985, respondent determined a deficiency of $ 1,748 in petitioners' Federal income tax for tax year 1983. After concessions by petitioners, the sole issue for decision is whether payments received by petitioner, George E. Clemens, III while he was on sick leave were made under a statute in the nature of a Workmen's Compensation Act and thus excludable from gross income pursuant to section 104(a)(1). [1]
FINDINGS OF FACT Some of the facts of this case have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Petitioners, husband and wife, resided in Deer Park, New York, when they filed their petition. During 1983, petitioner (all references hereafter to petitioner in the singular shall be to George *207 E. Clemens, III) worked as a police officer for the Port Authority of New York and New Jersey (the Port Authority). He has been so employed since May 8, 1972. On September 30, 1983, petitioner suffered injuries in a motor vehicle accident that occurred in the line of duty. These injuries left petitioner unable to work from the time of the accident until January 19, 1984. During this period he received the following payments from the Port Authority: Date of Pay Stub
Amount of Net Pay
October 7, 1983
$ 698.61
October 7, 1983
100.03
October 14, 1983
676.92
October 21, 1983
150.49
November 4, 1983
59.90
November 18, 1983
712.71
December 2, 1983
766.33
December 9, 1983
696.43
December 15, 1983
813.33
December 30, 1983
991.12
$ 5,665.87
The Port Authority classified these payments as "sick leave," pursuant to the terms of the employment contract then in force between them and the Port Authority Police Benevolent Association (P.B.A.). Section XVIII, subsection 2 of the Memorandum of Agreement Between The Port Authority of New York and New Jersey and The Port Authority Police Benevolent Association, Inc., for the period from July 3, 1983 to July 27, 1985 (the *208 Agreement) provided that: any Police Officer on sick leave because of an injury incurred in the line of duty will receive payment at his base annual salary rate plus longevity and, as per past practice, all applicable benefits, where necessary, for a period or cumulative periods of absences not to exceed one year resulting from such injury. During the time petitioner was unable to work, he was charged with sick leave pursuant to the requirements of the agreement. During this period, petitioner also continued to accrue employee benefits and to receive longevity payments as required by the agreement. The termination of petitioner's sick leave payments conformed to the requirements of the agreement. The $ 5,665.87 received by petitioner appears to include a Worker's Compensation award of $ 3,315 from the Port Authority. On their 1983 Federal income tax return, petitioners reported total wages from the Port Authority of $ 38,138.02, as per petitioner's 1983 Form W-2 wage and tax statement, which did not include the $ 3,315 Worker's Compensation award. Petitioners claimed an exclusion from income in the amount of $ 7,831.84 [2] for "compensation benefits received for injury *209 on job reflected on W-2." In his notice of deficiency, respondent determined that petitioners were not entitled to the exclusion. Respondent also disallowed a $ 13 interest expense deduction and a $ 103 miscellaneous expense deduction claimed by petitioners. Petitioners have conceded these disallowed expenses. OPINION Section 61(a)(1) generally provides that, except as otherwise provided, gross income means all income from whatever source derived, including compensation for services. An exclusion from income, however, is specifically provided for amounts received under workmen's compensation acts as compensation for personal injuries or sickness. Sec. 104(a)(1). This exclusion also applies to amounts received "under a statute in the nature of a workmen's compensation act." Haar v. Commissioner,78 T.C. 864, 867-868 (1982), affd. per curiam 709 F.2d 1206 (8th Cir. 1983); sec. 1.104-1(b), Income Tax Regs. Payments made pursuant to a labor contract, however, are not under a statute in the nature of a workmen's compensation act. Rutter v. Commissioner,760 F.2d 466 (2d Cir. 1985), *210 affg. a Memorandum Opinion of this Court. In Rutter payments received by a New York City policeman for sick leave resulting from injuries suffered in the line of duty were held to be not excludable from his gross income because the labor contract under which the payments were made did not qualify as a statute. Petitioners argue that the payments at issue were mandated by the Port Authority's long-standing policy and practice of paying full salary, plus longevity and all applicable benefits, to police officers injured in the line of duty for up to one year. Petitioners maintain that the Port Authority's adoption of this policy and its subsequent incorporation into the first collective bargaining agreement with the P.B.A. makes the agreement a statute in the nature of a workmen's compensation act. Respondent asserts that the payments were made pursuant to a labor contract rather than a statute. Respondent's determinations are presumed correct, and accordingly, petitioners bear the burden of proof on the issue before us. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a). The instant case appears to fall squarely within Rutter v. Commissioner, supra. *211 The evidence presented indicates that petitioner's payments were received pursuant to the Agreement, a labor contract. The Agreement provided specific requirements regarding the terms and conditions of the payments. The payments were made in accordance with these requirements. Petitioner's sick leave account was charged pursuant to the Agreement. Petitioners attempt to distinguish their case from Rutter v. Commissioner, supra, by arguing that Dyer v. Commissioner,71 T.C. 560 (1979), is applicable instead. In Dyer, the taxpayer worked as a teacher in the New York City public school system. The taxpayer received full salary while on sick leave as a result of injuries suffered in the line of duty, pursuant to regulations of the Board of Education of the City of New York. As mandated by the regulations, the taxpayer's sick leave reserve was not reduced for work missed due to the injury in the line of duty. In holding that the payments received by the taxpayer were excludable under section 104(a)(1), this Court found that the school board's regulations had the "force and effect of law," because New York state law charges the school board with *212 the authority and duty to provide workmen's compensation for its employees who are injured in the performance of their duties. N.Y. Educ. Law sec. 2554(16) (McKinney 1981). Accordingly, we held that the taxpayer received the payments under a statute in the nature of a workmen's compensation act. The Port Authority is granted the power to appoint officers and employees to perform the duties of the Port Authority.[3] N.Y. Unconsol. Laws sec. 6415 (McKinney 1979); N.J. Stat. Ann. sec. 32:1-15 (West 1963). This statutory authority has been held to also encompass the implied power to fix the salaries of Port Authority employees, Agesen v. Catherwood,26 N.Y. 2d 521, 311 N.Y.S. 2d 886 (1970), as well as to promulgate employment and promotion policies, Sgaglione v. Port of New York Authority,61 Misc. 2d 1058, 307 N.Y.S. 2d 714 (Sup. Ct. 1970), affd. without opinion 36 A.D. 2d 1027, 322 N.Y.S. 2d 974 (App. Div. 1971). Petitioners argue that the Port Authority, pursuant to its statutory authority, adopted its policy regarding the payment of up to one year's salary to officers injured in the line *213 of duty. The P.B.A. president, Dominick Evangelista (Evangelista), testified that this policy was in effect and outlined in handbooks issued when he joined the Port Authority in 1959. Evangelista further testified that in 1974 this policy was included in the first Memorandum of Agreement between the P.B.A. and the Port Authority. Petitioners argue that this policy was also expressed in various Port Authority Instructions. [4] Petitioners contend that these expressions of the Port Authority's policy have the force and effect of law, as did the regulations issued by the New York City school board in Dyer v. Commissioner, supra.
The instant case, however, is distinguishable from Dyer v. Commissioner, supra. *214 First, although petitioners refer to handbooks and Port Authority Instructions expressing the Port Authority's sick leave policy they introduced no documentary evidence of such policy. Instead, they offer Envangelista's testimony and a reference in the Agreement to "past practice." This evidence only indicates an informal practice at best. In Dyer v. Commissioner, supra, the existence of the sick leave regulations issued by the school board was uncontradicted. In the instant case, petitioners have failed to prove that the Port Authority's sick leave policy was ever officially pronounced or ever rose to the level of a statute. Additionally, petitioners' argument that the payments received were under the Port Authority's policy and were merely consistent with the bargained for sick leave provisions of the Agreement between the Port Authority Police and the P.B.A. is not persuasive and does not distinguish their case from Rutter v. Commissioner, supra. For us to hold, in the absence of further evidence, that the payments at issue were made under some amorphous policy and were merely consistent with the written, bargained for agreement would, in *215 effect, render the Agreement superfluous. Because we decide this case on the issue of whether payments were made under a statute in the nature of a workmen's compensation statute, we do not address respondent's alternative argument that petitioners did not prove the amounts claimed. In light of the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioners offered no explanation of how this amount was determined.↩
3. The Port Authority was created by compact between the States of New Jersey and New York and approved by Congress. N.J. Stat. Ann. sec. 32:1 et seq↩. (West 1963); N.Y. Unconsol. Law sec. 6400 et seq. (McKinney 1979); 42 Stat. 174. 4. Patrick Rooney, deputy chief of the Port Authority's law department, employment and labor law division, testified that a Port Authority Instruction is a directive issued by the executive director of the Port Authority.↩