NARAYANAN, J.T.C.
This is the court’s opinion in connection with the parties’ respective motions for summary judgment in the above captioned matter. Plaintiff (“Mr. Sa”) asks this court to find that payments made by his employer, Union Township, for work-related injuries be excluded from gross income tax (“GIT”) as workmen’s compensation pursuant to N.J.S.A 54A:6-6. Defendant (“Director”) maintains that the exclusion does not apply because Union Township paid Mr. Sa his full amount of periodic wages pursuant to a collective bargaining agreement, and the statute requires that payments be made under workmen compensation acts for exclusion from the GIT.
For the reasons set forth below, the court finds that the portion of the payments paid to Mr. Sa by his employer, and reimbursed to the employer by its insurer under the employer’s workmen’s compensation insurance, is excluded from the GIT because such amount was determined and paid pursuant to a workmen’s compensation act. Therefore, the Director’s final determination is reversed in part.

UNDISPUTED FACTS

Mr. Sa is a New Jersey resident. During 2006 and 2007, the tax years at issue, he was a police officer for Union Township. On December 30, 2004, he was physically injured during and in the course of his employment. The injury required several surgeries over the subsequent years, which surgeries caused him to be absent from his employment for extended periods.
For tax years 2006 and 2007, Union Township had in effect a collective bargaining agreement (“CBA”) between itself and the Local No. 69 Policeman’s Benevolent Association.[2] Article VIII of the CBA, titled “Sick Leave, Leave of Absence” provided as follows:
D. Service Connected Sickness, Injury or Disability Leave
1. Pursuant to N.J.S.A. 40A:9-7, employees covered under this [CBA] will be paid their regular straight time rate of pay for a period not in excess of fifty-two (52) *380 weeks for each new and separate service connected sickness, injury or disability, commencing on the first day of any such service connected injury or disability. Temporary disability benefits paid by Workers’ Compensation Insurance to the employee will be paid over to the Township.
Additionally, it provided that an employee who was granted leave pursuant to any injury or disability, would not be “charged with any sick leave time for such time lost due to such sickness, injury or disability.” Id., at Article VIII, ¶ D(4).
These provisions were formalized and adopted by Ordinance No. 3861 dated June 24, 1986, which Ordinance was in turn, adopted into Union Township’s Code (Art. IV, Ch. 61 of the 1986 Code).[3] Titled “Personnel Benefits,” for police officers and firefighters, it provides as follows:
Pursuant to N.J.S.A. 40A:9-7, employees covered under [the CBA] will be paid their regular straight time rate of pay for a period not in excess of 52 weeks for each new and separate service-connected sickness, injury or disability, commencing on the first day of any such service-connected injury or disability. Temporary disability benefits paid by workers’ compensation insurance to the employee will be paid over to the Township.
[§ 102-29(F)(1)].
The Code also provides that the employee granted paid leave for a job-related injury would not be “charged with any sick leave time for such time lost due to such sickness, injury or disability.” Id. § 102-29(F)(4). Thus, the language in the codified ordinance tracks verbatim, the language in the CBA.
Union Township paid Mr. Sa his regular straight time rate of pay in 2006 and 2007 during the time Mi’. Sa was absent from work due to his service-related physical injury. It also made the regular payroll deductions, such as income taxes. For both tax years, it issued Forms W-2 to Mr. Sa which reported all payments *381 made, including the portion paid during the time Mr. Sa was absent due to work-related injuries.
Union Township is a member of (and the insured in) the Garden State Municipal Joint Insurance Fund (“Fund”). That Fund is managed by a third-party administrator, PMA Management Corporation.[4] A January 17, 2012 letter from Union Township states that while “(biased on the ... CBA” it paid Mr. Sa his “regular straight time rate of pay with all pertinent payroll deductions,” it was reimbursed by the Fund at “the 2004 weekly rate if [sic] $650 for the time” Mr. Sa was “out on job injury.” It also stated that Mr. Sa was not charged sick leave time for any of the pay periods listed in the letter since he was “injured in the line of duty.” The letter listed various amounts reimbursed by the insurer in 2005 (for pay periods in that year), a total of $13,371.46 for the “pay periods” beginning March 2, 2006 and ending July 23, 2006, and amounts paid in 2008 for two pay periods that year. Although there was a separate letter from Union Township dated February 11, 2008 which stated that Mr. Sa was “out on workers’ compensation job injury leave from October 15, 2007 through November 11, 2007,” the January 17, 2012 letter did not list any reimbursements from the Fund for any pay periods in 2007.[5]
For tax year 2006, Mr. Sa filed an amended GIT return reducing the originally reported wages by $29,173 on grounds he was “out of work on job injury from 3/2/06 thru 7/23/06 and was paid workmen’s compensation by” Union Township. He contended that this amount should not have been included in the Form W-2 as wages and demanded a refund of GIT of $630.
*382 For tax year 2007, he reduced the wages reported on the Form W-2 by $6,665 (the amount of his regular pay for the pay periods he was absent). He claimed this amount as excludable workmen’s compensation because it was paid due to his work-related injuries.
By his letters of April 14, 2010 and September 8, 2010, the Director rejected Mr. Sa’s contentions for exclusions and increased the wages to the amount reported on W-2s. He thus added back $29,173 and $6,665 for each tax year and demanded an amount of $847.14 and $360.10 (tax, interest and penalty) for each tax year.
Mr. Sa timely filed an administrative protest on August 5, 2010. In furtherance of this protest, the Director requested Mr. Sa obtain from Union Township information on Form NJ-2440. This form titled “Statement in Support of Exclusion for Amounts Received Under Accident and Health Insurance Plan for Personal Injury and Sickness” sought computation of “sick pay,” which was a product of the number of paid days less “initial period” times daily rate of pay. The form also required a signature which certified that the payments met “all the three criteria of N.J.A.C. 18:35-1.15.” This regulation (re-numbered as N.J.A.C. 18:35-2.3 in April 1998) interprets N.J.S.A. 54A:6-6(c), which provision excludes from the GIT, “[ajmounts received through accident or health insurance for personal injuries or sickness.”
Union Township returned the form unsigned. It stated that the form’s purpose was to “report income received under accident and health insurance plan for personal injuries or sickness.” It maintained that Mr. Sa was paid his “full salary while absent on a job related injury not a personal injury” therefore the Director’s form was “inappropriate” and could not be used to provide information about a job related injury.
Thereafter, in a telephonic conference, the Director’s conferee maintained that the amounts Mr. Sa had excluded from his amended GIT returns were in the nature of “sick pay,” pursuant to the Sick Leave Injury (SLI) program, “N.J.S.A. 4A:6-1.6,”[6] *383 and were thus not workmen’s compensation benefits. She stated that payments under the SLI program were taxable wage income under N.J.S.A. 54A:5-l(a) when received by “[ejmployees of all Agencies, ... including State, County, and Municipality employees.” The Director’s final determination reiterated the conferee’s conclusion. This appeal followed.

FINDINGS

It is undisputed that Mr. Sa’s injuries and consequent absences from work in March-July 2006 and October-November 2007 were work-related. It is also undisputed that Union Township paid Mr. Sa his regular salary for the absent periods but was reimbursed by the Fund in 2006 (for the 2006 pay periods) at the rate of $650 per week. The Director agrees that this is the amount that Mr. Sa would have been entitled to under the New Jersey Workers’ Compensation Act, N.J.S.A. 34:15-1 (“WC Act”). Mr. Sa agreed that he may be entitled to exclude only this portion, namely, the amount which he would have been entitled to under the WC Act, and which was reimbursed by the Fund to the Township.
The only issue then is whether the amounts (or a portion thereof) paid to Mr. Sa when he was absent due to his job-related injury, are taxable as wages (sick pay) under N.J.S.A. 54A:5-l(a), or excludable under N.J.S.A. 54A:6-6 as payments under a workmen’s compensation act. This involves a pure question of law as it requires an interpretation of the relevant statutes. Therefore, the matter is ripe for summary judgment. See R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am,., 142 N.J. 520, 528-29, 666 A.2d 146 (1995) (summary judgment will be granted “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law”).
The analysis begins with a few established principles that prevail in the area of New Jersey’s GIT scheme. First, exclusions from the GIT are “strictly” construed against a taxpayer claiming the same. Sidman v. Director, Div. of Taxation, 19 N.J.Tax 484, 489 (App.Div.), certif. denied, 170 N.J. 387, 788 A.2d 772 (2001). *384 Second, the Director’s interpretation of the GIT statute is entitled to deference due to his acknowledged expertise in the area of taxation. Reck v. Director, Division of Taxation, 345 N.J.Super. 443, 446, 785 A.2d 476 (App.Div.2001), aff'd, 175 N.J. 54, 811 A.2d 458 (2002). Third, despite such deference “courts remain the final authorities on issues of statutory construction and [need not] stamp their approval of the administrative interpretation.” Koch v. Director, Division of Taxation, 157 N.J. 1, 8, 722 A.2d 918 (1999) (internal quotations and citation omitted).
N.J.S.A. 54A:5-1(a) imposes tax on “[salaries, wages, tips, fees, commissions, bonuses, and other remuneration received for services rendered____” The Director’s regulation sweeps into this category of income “all earnings in connection with employment” and requires the same to be “reported by the taxpayer as wages, salaries, commissions, bonuses and other remuneration received for services rendered....” N.J.A.C. 18:35-1.2(b).
N.J.S.A. 54A:6-6(a) excludes “[a]mounts received under workmen’s compensation acts as compensation for personal injuries or sickness” from GIT. The Director has not promulgated any regulations interpreting this provision. However, the Attorney General has issued a formal opinion stating that N.J.S.A. 54A:6-6 should be interpreted according to I.R.C. § 104 because that federal statute is “essentially” and “substantially” similar to N.J.S.A. 54A:6-6, and since our legislature would have been “aware of these exclusions ... and intended to specifically incorporate them into the tax act,” it was “appropriate ... to look to [I.R.C. § 104] as an aid in interpreting N.J.S.A. 54[A]:6-6.” Formal Opinion No. 9 (May 4,1979).[7]
*385 Although the GIT Act was not patterned after the federal income tax laws, unless expressly incorporated by reference, Sidman, supra, 19 N.J.Tax at 493-94, if certain federal tax principles guide the interpretation of similar statutes, they can nonetheless be regarded as persuasive authority. See e.g. Murphy v. Taxation Div. Director, 6 N.J.Tax 221, 240-241 (Tax 1983) (“[s]ince federal tax law regards the partnership as a conduit, it should also be regarded as such for purposes of the” GIT); Cooperstein v. State, Div. of Taxation, 13 N.J.Tax 68, 80-83 (Tax 1993) (using New York and federal income tax ease law to decide whether an individual was personally liable for certain trust fund taxes, noting that “when there are no reported cases in this State construing a statutory phrase, a court can look to other jurisdictions having similar statutes employing similar language”), aff'd, 14 N.J.Tax 192 (App.Div.1994), certif. denied, 140 N.J. 329, 658 A.2d 728 (1995); Amalgamated Transit Union Local 880 v. NJ Transit Bus Operations, Inc., 385 N.J.Super. 298, 306 n. 3, 897 A.2d 357 (App.Div.) (analysis under the GIT Act would be the same as for federal tax purposes in deeming back pay as wages and subject to income tax withholding), certif. denied, 188 N.J. 352, 907 A.2d 1012 (2006).
Here, I.R.C. § 104(a)(1) and case law interpreting the statute and regulation are instructive. This is because: (i) N.J.S.A. 54A:6-6(a) is linguistically parallel to and advances similar objectives as the federal statute, namely, a tax exclusion for workmen’s compensation; (ii) no New Jersey court has interpreted N.J.S.A 54A:6-6(a); (iii) the Director has not promulgated any regulations or guidance in this regard; (iv) the New Jersey Attorney General has opined that N.J.S.A. 54A:6-6 should be interpreted according to I.R.C. § 104, which opinion is generally entitled to weight with regard to statutory interpretation, see Peper v. Princeton University Board of Trustees, 77 N.J. 55, 70, 389 A.2d 465 (1978); and (v) the Director has argued for the applicability of federal authority interpreting I.R.C. § 104. Therefore, the court will examine the federal income tax provision as an aid in interpreting N.J.S.A. 54A:6-6(a).
*386 The wording of I.R.C. § 104(a)(1) is identical to N.J.S.A. 54A:6-6(a). Thus, the federal statute excludes from income, all “amounts received under workmen’s compensation acts as compensation for personal injuries or sickness.” The implementing regulation states that “I.R.C. § 104(a)(1) excludes from gross income amounts which are received by an employee under a workmen’s compensation act ... or under a statute in the nature of a workmen’s compensation act which provides compensation to employees for personal injuries or sickness incurred in the course of employment.” Treas. Reg. § 1.104-l(b). However, “amounts received as compensation for an occupational injury or sickness” which exceed “the amount provided in the applicable workmen’s compensation act or acts” are not excluded from taxation. Ibid.
The federal cases interpreting the statute and the regulation have generally required that (i) there be a statute, or an enactment which has the force of a statute, such as rules, regulations, local ordinances or codes; (ii) the statute should be akin to (“in the nature of’) a worker’s compensation[8] law; and (iii) the statute must permit compensation only for job-related injuries or sickness. Since it is undisputed that Mr. Sa received payments from Union Township for job-related injuries, and the relevant provisions of the CBA restrict payments to service connected injuries, the court must decide whether the CBA’s provisions have the force of law, and if so, whether they are “in the nature of a workmen’s compensation act.”
In this connection, it should be noted that N.J.S.A. 54A:6-6(a) does not restrict its reach to the WC Act inasmuch as it specifically refers to the laws in plural and in lower-case by employing the words “under workmen’s compensation acts.” “The words chosen by the Legislature are deemed to have been chosen for a reason.” Merin v. Maglaki, 126 N.J. 430, 435, 599 A.2d 1256 (1992). Had the Legislature intended GIT exclusion only for amounts received directly by the taxpayer under the WC Act, then the Legislature would have specifically limited the exclusion to amounts received *387 under the WC Act which statute existed in 1911 (L. 1911, c. 95, § 1 et seq.) and thus, predated the GIT Act which was enacted in 1976. Therefore, it is appropriate to analyze, as do the Treasury regulation and federal courts, any enactment which is in language, nature and substance, a “workmen’s compensation act” including the WC Act.
The Director points to three cases where the federal courts held that benefits paid for job-related injuries under a labor contract or a CBA were taxable because the agreements were not a “statute.” Rutter v. Commissioner, 760 F.2d 466, 468 (2d Cir.1985) (payments received by a police officer who received his full pay while on leave due to a service connected injury were not excludable under I.R.C. § 104(a)(1) because they were pursuant to his contract with the City of New York); Clemens v. Commissioner, 57 T.C.M. (CCH) 286 (U.S.Tax Ct.1989) (payments made by Port Authority to police officer injured on the job was taxable since benefits were pursuant to a labor contract); McDowell v. Commissioner, 74 T.C.M. (CCH) 1117 (U.S.Tax Ct.1997) (disability pension paid under a CBA as opposed to a local ordinance was taxable).
The Director, however, does not analyze these federal cases visa-vis N.J.SA 40A:9-7.[9] Instead, he focuses only on the CBA, and argues that benefits paid to Mr. Sa were pursuant to the CBA, and must be taxable, consistent with authority interpreting the federal law. However, the CBA specifically incorporates N.J.S.A. 40A:9-7 as the statutory authority for the SLI payments to Union Township’s employees. Therefore, its relationship to that statute must be explored.
It is clear that a township may create an SLI payment program similar to the one for State employees. See N.J.S.A llA:6-8 (leave of absence due to work-related injury or sickness must be *388 granted to State employees for up to one year as reduced by workmen’s compensation or other disability benefits, and any such SLI program for municipal employees is to be “governed by the rales of the political subdivision”). In this connection, Title 40A, Chapter 9 which regulates employees of municipalities and counties, provides as follows:
§ 40A:9-7. Leaves of absence with pay to certain officers and employees
The board of chosen freeholders of any county, by resolution, or the governing body of any municipality, by ordinance, may provide for granting leaves of absence with pay not exceeding one year, to any of its officers or employees who shall be injured or disabled resulting from or arising out of his employment, provided that the examining physician appointed by the county or the municipality shall certify to such injury or disability.
As noted previously, Union Township adopted the CBA by Ordinance No. 3861 and codified that ordinance at Article IV, Chapter 61. The codified ordinance incorporates and effectuates N.J.S.A. 40A:9-7 in that Union Township employees are allowed paid leave of absence for job-related injuries for a period no greater than one year. Although unlike N.J.S.A. 40A:9-7, Union Township’s codified ordinance requires assigning or turning over to the township any temporary disability benefits paid to the employee by workers’ compensation insurance, the effect is the same as N.J.S.A llA:6-8 which requires SLI payments be reduced by either workers’ compensation or disability benefits.[10]
“[Ojrdinances for municipal legislation passed under a delegation of legislative authority have, within their respective spheres, the force of general laws.” Boham v. Township of Weehawken, 65 N.J.L. 490, 492, 47 A. 446 (Sup.Ct.1900). See also Black’s Law Dictionary 989 (5th ed. 1979) (“ordinance” is the “enaetment[ ] of the legislative body of a municipal corporation” which is the “equivalent of a municipal statute”); Redman v. Commissioner, T.C. Summary Opinion 2002-83 (U.S. Tax Ct.2002) (“[wjhere the language of a [CBA] is by legislative act incorporated by reference into a municipal code, and by this *389 measure is enacted into law, it meets the statutory and regulatory requirements” for purposes of I.R.C. § 104(a)(1)). Therefore, Union Township’s codified ordinance has the effect of a statute for purposes of the analysis under I.R.C. § 104(a)(1).
Given this chain of statutory authority for Union Township’s grant of SLI payments to its employees, the Director’s position that the payments were made to Mr. Sa under the CBA and under that contract alone, is untenable. The reality is that the payments made to Mr. Sa derived from the existence of the CBA whose existential building blocks were the aforementioned statutes and ordinance. Union Township would not have had the authority to grant full pay to an injured out-of-work police officer but for N.J.S.A. 40A:9-7, and but for its ordinance effectuating that statute and the CBA. The operative provision of the CBA must thus be analyzed in the context of both the state and local laws regarding municipal employees, and the policy for the excluding worker’s compensation payments from the GIT.
Having concluded that Union Township’s codified ordinance has the force of a statute, the remaining analysis is whether it is in the nature of a workers’ compensation act so that payments made under the Code qualify for income tax exclusion. In Fotis v. Commissioner, 57 T.C.M. (CCH) 695 (U.S.Tax Ct.1989), a police officer was covered by a CBA between his employer (a township) and the Police Benevolent Association. A New York statute, N.Y. Gen. Mun. Law § 207-c, provided that an officer injured on the job was to be paid his full salary “until his disability ... ceased.” The CBA implemented that mandate. The officer was duly paid his full salary pursuant to the CBA during his one-month leave of absence for a service connected injury, and the township was reimbursed amounts of disability payments from the WC Board that the taxpayer would have been entitled to had he applied of his own account. The Tax Court held that the statute was “in the nature of a workmen’s compensation act” because it conditioned eligibility for benefits on work-related injuries, thus, the entire taxpayer’s salary for that month was excluded under I.R.C. § 104(a)(1). The court made clear that the case was distinguishable from Rutter, supra, because in that case, the parties had *390 stipulated that the payments to the taxpayer were made under the labor contract.
The Internal Revenue Service has interpreted I.R.C. § 104(a)(1) in the factual context of an employee required to pay workmen’s compensation awards over to his employer. Rev. Rul. 56-83. The Ruling holds that:
Workmen’s compensation payments received by an employee are excludable from the employee’s gross income under I.R.C. § 104(a)(1) even though the employee assigns or otherwise turns over such payments to his employer. If the employer in turn makes payments as salary in excess of the workmen’s compensation, the employee is required to report for Federal income tax purposes the excess amounts [of the salary payments over the workmen’s compensation payments paid to the employer] ...
In sum, Fotis, supra, and Rev. Rul. 56-83, supra, would support an exclusion of the payments (or a portion of the same) made to Mr. Sa in 2006 and 2007 because Union Township’s codified ordinance provides payments only for work-related injuries.
The Director contends that the benefits are not paid “under” the WC Act because the statute authorizing SLI payments is distinct in language and purpose from the WC Act. He states that payments under the SLI program are intended to provide income stability and continuity for a certain time period, but not to compensate employees for their injuries or sickness, the cost of which is borne by the government (and thus the taxpayers). In contrast, payments under the WC Act are intended to compensate the employee for soeial/remedial legislative purposes and thus, the costs are borne directly by the employer. See IMO Dykas, 261 N.J.Super. 626, 631, 619 A.2d 660 (App.Div.1993); IMO Bennett, 335 N.J.Super. 518, 521, 762 A.2d 1070 (App.Div.2000).[11] Yet another distinction the Director highlights is that while the WC Act caps benefits at 70% (or 75%) of the weekly salary, Mr. Sa received his full salary. These differences, the Director argues, requires treating the payments received by Mr. Sa different from *391 payments received under the WC Act, namely, taxing the former under N.J.S.A 54A:5-l(a), and excluding the latter under N.J.S.A. 54A:6-6(a). The Director makes this argument despite conceding that Mr. Sa would have been entitled to receive $650 per week under the WC Act for temporary disability benefits for the weeks that he was out in 2006 and 2007 due to his injury, the exact rate at which Union Township was reimbursed by its insurer in 2006.[12]
The Director correctly notes that New Jersey courts have distinguished the WC Act from statutes providing SLI payments. And while the courts have analogized the two statutes, they have also limited the analogy. Thus, in Morreale v. State, Civil Service Comm’n, 166 N.J.Super. 536, 539-540, 400 A.2d 126 (App.Div.), certif. denied, 81 N.J. 275, 405 A.2d 819 (1979) the court refused to apply the WC Act and grant SLI benefits to an employee who was injured during her lunch hour because it was not “as a result of or arising from the employee’s employment; nor as a disability caused by ‘occupational injury or disease’ ” as required by N.J.A.C. 4:1-17.9, which regulation implemented N.J.S.A. 11A:14-2.[13] The court stated that the WC Act and the sick leave with pay statute had “wholly different ends and purposes, and the differences warrant different rules of construction in their application.” Morreale, supra, 166 N.J.Super. at 539, 400 A.2d 126. While the WC Act was considered “human social legislation designed to place the cost of worker-connected injury on the employer who may readily provide for it as an operating expense” thus requiring liberal construction “in favor of the injured worker,” the Civil Service laws in Title 11 authorizing sick leave with pay, were aimed to achieve an “efficient public service system for the welfare *392 of all citizens by establishment of a merit system of appointment with built-in security features.” Ibid, (citations and internal quotations omitted). The court pointed out that the “cost of disability sick-leave benefits of public employees” falls squarely upon the “the State Government, to be defrayed by the taxpayers,” therefore courts should not impose this cost upon the public unless the same is either expressed or fairly implied by the statute “mandating the asserted charge against the State.” Id. at 540, 400 A.2d 126.
However, in Theodore v. Dover Bd. of Education, 183 N.J.Super. 407, 415, 444 A.2d 60 (App.Div.1982), the court found that an injury for purposes of N.J.S.A 18A:30-2.1, the statute authorizing SLI payments to school district employees, has “precisely the same meaning as it does in the context of the” WC Act, N.J.S.A. 34:15-7, thus, “a compensable accident in the workers’ compensation sense [is] also an accident within the remedial scope and contemplation of N.J.S.A. 18A:30-2.1.”[14] The court relied upon the legislative intent found in the sponsor’s “Statement accompanying the 1967 amendment” that the statute’s purpose was “to provide leave of absence with pay in cases of injuries or illness arising from employment and subject to the Workman’s [sic] Compensation Act.” Theodore supra, 183 N.J.Super, at 415, 444 A.2d 60.
However, in a subsequent case the court refused to read the WC Act and the statutory SLI program for school district employees in pari materia and extend the one-year SLI payment period. Williams v. Bd. of Education, 192 N.J.Super. 31, 36-39, 469 A.2d 58 (App.Div.1983), aff'd, 98 N.J. 319, 486 A.2d 846 (1985). The court found as follows:
*393 [N.J.S.A. 18A:30-2.1] is not part of the Workers’ Compensation Act, but is rather part of the statutory scheme governing and regulating the educational system in New Jersey. Broadly viewed, the Workers’ Compensation Act and N.J.S.A. 18A:30-2.1 both share a concern, in a way, with methods of compensation of employees for personal injuries sustained in accidents arising out of and in the course of their employment. But this is only a broad or general similarity. The rale of in pari materia is only invoked to aid in the construction of statutes that pertain to the same subject matter.
[[Image here]]
[W]e find sufficient differences in the two statutes here to persuade us that they need not be read in pari materia with respect to the language at issue even though we interpret the language in both statutes to allow for intermittent absences within the allowable time frame. The Workers’ Compensation Act is humane social legislation designed to place the cost of work-connected injury on the employer who may readily provide for it as an operating expense. The school laws were enacted for a very different purpose and to implement the constitutional mandate of a thorough and efficient education____
[Williams, supra, 192 N.J.Super. at 31-38, 469 A.2d 58] (citations and quotations omitted)
The court reconciled its earlier decisions in Morreóle, supra, (which refused to analogize the SLI statute for State employees under the Civil Service laws to the WC Act) and Theodore, supra, (analogizing the SLI statute for school district employees to the WC Act) by stating that in the latter case, there was legislative intent “that the leave of absence with pay provision for an ‘accident’ applied to those injuries arising from employment and subject to the [WC] Act,” but there was “no similar reference to the [WC] Act in the Civil Service regulations for the Morreale court to consider.” Williams, supra, 192 N.J.Super. at 38, 469 A.2d 58. See also In re Musick, 143 N.J. 206, 218-19, 670 A.2d 11 (1996) (SLI payments are a “fringe benefit” to state employment as opposed to workers’ compensation which is “remedial social legislation”); (Outland v. Monmouth-Ocean Educ. Serv. Comm’n, 154 N.J. 531, 537, 713 A.2d 460 (1998) (the “sick leave provisions of’ N.J.S.A. 18A:30-2.1 “do not serve to amend the workers’ compensation laws to create an entitlement to temporary disability benefits that would not otherwise exist under those laws”); Brunell v. Wildwood Crest Police Dep’t, 176 N.J. 225, 235, 237, 822 A.2d 576 (2003) (the WC Act was enacted as “important social legislation” to accomplish “the ameliorative effect” of achieving “swift recompense for injured employees,” by “providing [a] *394 schedule of payments for temporary ..., partial permanent ..., and total permanent disability”); General Motors Acceptance Corp. v. Falcone, 130 N.J.Super. 517, 521, 327 A.2d 699 (Cty.Ct. 1974) (“[t]he obvious intent of the Legislature is to keep the injured worker from becoming a burden to the public”).
The SLI program for municipal employees under N.J.SA. 40A:9-7 was initially enacted in 1930 as N.J.S.A. 40:11-8 (L. 1930, c. 165). It provided the governing body of any township with the “right” to grant leave of absence with full pay to any police officer who became sick or injured “as a result of/or in line with his duties” until he became “physically fit for actual service.” Assembly No. 251 (Feb. 4, 1930). The Statement accompanying the Bill simply noted that the “purposes of this act are expressed in the body hereof.” Ibid. The Committee Substitute amended the provisions to limit the benefit payments to one year from the date of the injury/disability, and a requirement that the injury be evidenced by a medical certification. Committee Substitute for Assembly No. 251 (March 25, 1930). There was no reference to the WC Act, nor was there a provision that the payments were to be reduced by any benefits received under the WC Act or as workmen’s compensation.
Chapter 11 of Title 40 was subject to a major overhaul in an attempt to streamline and eliminate obsolete provisions in the laws governing counties and municipalities. See Senate No. 641 (March 11, 1971). In this process, N.J.S.A 40:11-8 was repealed and replaced by N.J.SA 40A:9-7 without any changes. There was no specific statement addressing, or identifying the legislative intent or purpose of this successor statute.
Union Township’s codified ordinance providing SLI payments for police officers is substantially similar to N.J.S.A. 18A:30-2.1 as well as the Civil Service laws, N.J.S.A. llA:6-8, in that it provides for a one-year payment of full salary for work-related injuries subject to a reduction by the amount of worker’s compensation received for the same injury. Therefore, and although in a non-tax context, the cases interpreting N.J.S.A 18A:30-2.1 are instructive and significantly persuasive precedent because this court must decide whether Union Township’s codified ordinance is analogous *395 to the WC Act or is an act in the nature of workmen’s compensation for purposes of I.Ii.C. § 104(a)(1), and consequently, N.J.S.A. 54A:6-6(a).
The court finds that Union Township’s codified ordinance complements and supplements the WC Act inasmuch as it provides payments to an employee injured in the course of duty. However, it does not supplant, nor is it similar to the WC Act in nature or purpose. The same principles set forth by the Appellate Division control here, namely, that the WC Act is a social legislation, the cost of which is borne by the employer, whereas the statute authorizing sick leave with full pay (less workmen’s compensation payments) is an employer-provided employment benefit, the cost of which is borne by taxpayers. Additionally, the Code is distinct from the WC Act in that a municipal employee is entitled to benefits under the WC Act even if found not entitled to the SLI benefits. See e.g. N.J.S.A. 34:15-43 (“every [municipal] employee ... who may be injured in line of duty shall be compensated under and by virtue of the provisions of’ the WC Act regardless of any statutory provisions “providing for sick, disability ... or other leave for public employees”); Forgash v. Lower Camden County Sch, 208 N.J.Super. 461, 466-467, 506 A.2d 356 (App.Div.1985) (since the workers’ compensation court has “exclusive original jurisdiction,” it can entertain a claim for WC benefits “despite the prior denial” under a SLI program whose “express function ... is to complement workers’ compensation benefits for a strictly limited time period”). All benefits of employment remain status quo during the employee’s absence, for example, the employee preserves his or her sick time.
Conversely, Union Township’s codified ordinance itself recognizes a distinction by specifically seeking an offset or reduction by the amount of “temporary disability benefits paid by Workers’ Compensation Insurance.” It should be noted that for tax purposes, the federal courts have required that for exclusion from tax, the statute akin to a workmen’s compensation act “must also preclude an employee from filing an independent claim for workmen’s compensation benefits to be in the nature of a workmen’s *396 compensation act.” Covert v. Commissioner, 60 T.C.M. (CCH) 1302 (U.S.Tax Ct.1990).
Nonetheless, the court finds that the portion of the SLI payments which were reimbursed to Union Township is excludible from the GIT because it represents an amount received as workmen’s compensation under a workmen’s compensation act, and is so recognized by the very fact of its separate mention in the Union Township codified ordinance. The Code permits Mr. Sa to receive his full pay but as reduced by any temporary disability amounts received from the worker’s compensation insurance. Here, such temporary disability amounts were calculated at $650 per week, and accordingly reimbursed by the Fund to Union Township. The Director agrees that this is the exact amount Mr. Sa would get under the WC Act, N.J.S.A. 34:15-12.
The Director argues that the payments received by Mr. Sa were “under” an SLI statute and not “under” the WC Act, therefore, even the portion reimbursed to Union Township by its workmen’s compensation insurance is taxable. However, this argument elevates form over substance. Union Township’s codified ordinance specifically recognizes that a work-related injury is compensable under the WC Act, and has therefore obtained workers’ compensation insurance from the Fund. As such, any payments made pursuant to such insurance and by the insurance company are pursuant to the WC Act, policy and scheme. See N.J.S.A. 34:15-7 (if an agreement between an employer and employee “aecept[s] the provisions of’ the WC Act, then, “compensation for personal injuries to ... such employee by accident arising out of and in the course of employment shall be made by the employer ... according to the schedule contained in sections 34:15-12 and 34:15-13 ...”); N.J.S.A. 40A: 10-12 (“[a] local unit may provide for the payment of workers’ compensation under” the WC Act “by ... [t]he placing of workers’ compensation insurance with any insurance company authorized to do business in New Jersey; or ... [playing workers’ compensation in the same manner as provided by law”); N.J.S.A. 40A:10-36 (governing body of a township can “agree to join together with any other local unit ... to establish a joint insurance fund for the purpose of insuring against liability, *397 property damage, and workers’ compensation”). When the Director maintains that all amounts paid under the Union Township’s codified ordinance are taxable SLI payments, he is asking this court to ignore the specific words in that ordinance which recognizes workers’ compensation as a distinct component of the SLI payments. This the court cannot do.
The fact that the amounts representing workmen’s compensation were reimbursed to Union Township by its workmen’s compensation insurer is of no moment. Whether the workmen’s compensation insurance pays Mr. Sa who would then repay Union Township, or whether this happens indirectly, i.e., the insurer reimburses Union Township for what it (the insurer) would have paid Mr. Sa, the fact remains that $650 per week of the SLI payments constituted workmen’s compensation by and under Union Township’s workmen’s compensation insurance. As noted before, the Director conceded that $650 a week as computed under the WC Act was Mr. Sa’s payment as workers’ compensation. The Director thus does not convince this court that because the reference to workmen’s compensation is contained in a statute providing SLI payments, a portion of the SLI payments cannot be considered to be workmen’s compensation arising under, and computed according to, the WC Act.
The Director argues that Mr. Sa actually profited from the SLI payments because an employee who sustains work-related injury is entitled to receive only 70% of his salary, no more, whereas Mr. Sa received 100% of his salary, therefore he does not deserve a tax exclusion. While it may be true that law generally does not favor double recovery for the same injury (hence the provision that the SLI payments will be reduced by other temporary disability benefits), there is nothing in N.J.S.A. 54A:6-6(a) which bars the exclusion to an employee who receives amounts in addition to worker’s compensation benefits. The exclusion addresses only the nature of the payments received. It does not penalize an employee by denying him any exclusion whatsoever simply because he may receive amounts in addition to worker’s compensation benefits. See also Dyer v. Commissioner, 71 T.C. 560, 562, 1979 WL 3701 (U.S.Tax Ct.1979) (“whether a payment is in the nature of *398 workmen’s compensation depends upon whether the payment is made because of injuries sustained in the line of duty, not upon the amount paid”); Rev. Rul. 56-83, supra (“Workmen’s compensation payments received by an employee are excludable ... even [if he] assigns or otherwise turns over such payments to his employer”).
Under federal precedent, any statute, rule, regulation or ordinance which grants compensation exclusively for work-related injuries, is deemed to be a workmen’s compensation act, consequently, the entire amount paid to an employee merits an exclusion from income tax. See Fotis, supra. Here, however, the court will restrict the exclusion under N.J.S.A. 54A:6-6(a) only to the portion of the payment representing workmen’s compensation. While the policy and purpose behind enacting I.R.C. § 104(a)(1) and N.J.S.A. 54A:6-6(a) are not clearly articulated or specified,[15] the New Jersey GIT exclusion for worker’s compensation payments is necessarily narrower because our higher courts have differentiated the nature, scope, and purpose between the SLI payments and payments under the WC Act, which distinction must be respected especially when one of the prong’s in the analysis of I.R.C. § 104(a)(1) is a determination of whether an act is “in the nature of a workmen’s compensation act.”
“The Court fulfills its role by construing a statute in a fashion consistent with the statutory context in which it appears.” Merin, supra, 126 N.J. at 435, 599 A.2d 1256 (citing Waterfront Comm’n v. Mercedes-Benz, 99 N.J. 402, 414, 493 A.2d 504 (1985)). See also Kimmelman v. Henkels & McCoy, Inc., 108 N.J. 123, 129, 527 A.2d 1368 (1987) (“In discerning that intent we consider not only the particular statute in question, but also the entire legislative *399 scheme of which it is a part”). This court’s reading of N.J.S.A. 54A:6-6(a) advances the Legislature’s intent to exclude only amounts received under workmen’s compensation acts, and thus, amounts in the nature of workmen’s compensation benefits. A narrow construction of the exclusion in N.J.S.A. 54A:6-6 leads the court to conclude that, here, “amounts received under workmen’s compensation acts” means only the portion of the amounts Mr. Sa received that he was entitled to as temporary disability benefits under N.J.S.A. 34:15-12 during the time he was out of work due to his service connected injury. This result is also consistent with the Internal Revenue Service’s interpretation of I.R.C. § 104(a)(1). See Treas. Reg. § 1.104-l(b) (subjecting to tax any “amounts received as compensation for an occupational injury or sickness” which exceed “the amount provided in the applicable workmen’s compensation act or acts”); Rev. Rul. 56-83, supra (amounts paid by the employer in excess of the workmen’s compensation benefits are taxable).[16]
Here, for tax year 2006, Union Township represented that it received $13,371.46 for the “pay periods” beginning March 2, 2006 and ending July 23, 2006. It did not list any pay periods or payments dates in 2007. Thus, Mr. Sa is entitled to exclude $13,371.46 from his 2006 reported salary income. In the absence of any information that Union Township received payments from workmen’s compensation insurance for 2007 (and any pay periods *400 in 2007), the court does not have a factual basis for excluding any amount from Mr. Sa’s 2007 reported wage income.
Therefore, the court denies the Director’s summary judgment motion in part, and grants Mr. Sa’s cross-motion for summary judgment in part. An Order will be entered by this court in accordance with this opinion.

 The CBA itself was effective as of January 1, 2004.

 By Ordinance No. 4842, adopted and effective October 26, 2004, Union Township codified all its existing ordinances of a "general and permanent nature" into a Code pursuant to N.J.S.A. 40:49-4. See Ch. 1, Art. I, § 1-1 of Union Township’s Code (available at http://www.ecode360.com/UN1023 (last visited May 24, 2012)). When so adopted, "published and certified to by the seal of the municipality" it is deemed "as evidence of the ordinances contained in such compilation and revision as fully as if the original ordinances were produced.” NJ.S.A. 40:49-4.

 As a result of the December 30, 2004 incident, and pursuant to a settlement, by order dated November 12, 2010, the Division of Workers' Compensation (Case No. 2005-4498) awarded Mr. Sa permanent disability for 111 weeks at the rate of $184.11 per week. That order form shows PMA as the third-party administrator of Union Township's workmen’s insurance plan. The order also indicates in the portion “Temporary Disability Awarded” as being “salary.” The Director concedes that this 2010 permanent disability award is excluded from GIT.

 The Director did not challenge the authenticity or contents of the letter.

 There is no such statute. The conferee may have been referring to the Civil Service regulation, NJ.A.C. 4A:6-1.6.

 The Opinion addressed a GIT exclusion for payments made under Temporary Disability Law, N.J.S.A. 43:21-25 et seq. The Opinion concludes that while not excludable under N.J.S.A. 54A:6-13 (benefits received under "any unemployment insurance law”) due to the differences between the disability laws and unemployment compensation laws, the benefits would quality for exclusion as "[ajmounts received through accident or health insurance for personal injuries or sickness” because they would have been excluded under I.R.C. § 104(a)(3), the federal counter-part of N.J.S.A. 54A:6-6(c). The Opinion is available at 1979 N.J. AG Lexis 19.

 The court will use the terms "workers’ compensation" and "workmen's compensation" interchangeably in this opinion.

 The Director argues that NJ.S.A. 40A:9-7 does not authorize "tax free benefits” to Mr. Sa. However, there are no "tax free” provisions in the WC Act and the Temporary Disabilities Act (N.J.S.A. 43:21-25), the statutes relied upon by the Director, yet he concedes that payments under either statute are excluda-ble under the GIT.

 cf. N.J.S.A. 40A:14-137 which grants authority to a township to provide, by ordinance, paid leave "to members and officers of its police department” up to one year, but for injury, illness or disability "from any cause."

 The Director relies upon N.J.S.A. 11 A:6-8 for his arguments. However, this statute applies only to State employees, and provides that SLI program for municipal employees will be governed by the Township’s rules. Although the Director statutory reference is incorrect, his argument would nonetheless apply to N.J.S.A. 40A:9-7 and to Union Township’s codified ordinance.

 The Director computed the $650 amount by applying the formula provided in the WC Act, N.J.S.A. 34:15-12, which provides benefits at the rate of 70% of an employee's weekly wage or 75% of the average weekly wages earned by all employees covered by the unemployment compensation law.

 N.J.S.A. llA:14-2 had authorized the Civil Service Commission to enact "regulations extending leaves of absence with pay or with part pay for longer periods to employees disabled either through injury or illness as a result of, or arising from, their respective employment.” See Morreale, supra, 166 N.J.Super. at 538, 400 A.2d 126.

 N.J.S.A. 18A:30-2.1(a) provides for payment of "full salary” to a school district employee who is absent due to a "personal injury caused by an accident arising out of and in the course of his employment” for the "the waiting period and during the period the employee received or was eligible to receive a temporary disability benefit under” the WC Act, but as “reduced by the amount of any workmen's compensation award made for temporary disability.” The statute also adds that the sick leave taken by the employee cannot be the basis for any "withholding of an employment or adjustment increment." N.J.S.A. 18A:30—2.1(b).

 Ascertaining the exact congressional purpose for excluding such amounts from taxation is a continuing and ultimately dissatisfying exercise. See generally O'Gilvie v. United States, 519 U.S. 79, 117 S.Ct. 452, 136 L.Ed.2d 454 (1996). To put it simply, the exclusion "has long history behind it and little else." Wolfman, Bernard, Current Issues in Federal Tax Policy, 16 U. Ark. L.J. 543, 549 (1994). I.R.C. § 104(a)(1) was originally enacted in 1918 as 26 U.S.C. 213(b)(6). Similarly, there are no clear pronouncements about the specific public policies to be advanced at the time that N.J.S.A. 54A:6-6 was enacted by L. 1976, c. 47.

 The Director also argued that the payments to Mr. Sa are unlike the tax-exempt benefits paid under the Temporary Disabilities Act, N.J.S.A. 43:21-25 et seq. However, these benefits are made excludable under N.J.S.A. 54A:6-6(c) which statute deems non-taxable, all "[a]mounts received through accident or health insurance for personal injuries or sickness.” See Formal Opinion No. 9, supra; N.J.A.C. 18:35-2.3. The statute's counterpart is found in I.R.C. § 104(a)(3) except that the federal statute limits the exclusion, whereas N.J.S.A. 54A:6-6(c) does not. Therefore, to the extent the analysis in this case pertains to N.J.S.A. 54A:6-6(a), the comparison to the Temporary Disabilities Law does not assist the court. In any event, and despite the fact that Union Township denied paying Mr. Sa "[ajmounts received through accident or health insurance for personal injuries or sickness,” the court does not have any information relative to the nature or type of insurance that Union Township had for purposes of applying N.J.S.A. 54A:6-6(c), and therefore, cannot ascertain whether the SLI benefits paid to Mr. Sa would alternatively qualify for exclusion under that sub-section.