NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4723-15T4

STATE OF NEW JERSEY,

 Petitioner-Respondent,

v.

NEW JERSEY LAW ENFORCEMENT
SUPERVISORS ASSOCIATION,

 Respondent-Appellant.

 Argued April 27, 2017 – Decided June 6, 2017

 Before Judges Lihotz and Mawla.

 On appeal from the Public Employment Relations
 Commission, Docket No. SN-2016-002.

 Frank M. Crivelli argued the cause for
 appellant (Crivelli & Barbati, L.L.C.,
 attorneys; Mr. Crivelli, of counsel and on the
 brief).

 Christopher W. Weber, Deputy Attorney General,
 argued the cause for respondent (Christopher
 S. Porrino, Attorney General, attorney;
 Melissa H. Raksa, Assistant Attorney General,
 of counsel; Mr. Weber, on the brief).
 Robin T. McMahon, General Counsel, attorney
 for the Public Employment Relations Commission
 (Joseph P. Blaney, Deputy General Counsel, on
 the statement in lieu of brief).

PER CURIAM

 The New Jersey Law Enforcement Supervisors Association

(NJLESA), a union representing supervisor law enforcement

officers, appeals from a decision by the Public Employment

Relations Committee (PERC) denying grievances filed by two of its

members against the Department of Corrections (DOC).

 Both grievants are correctional officers who suffered work-

place related injuries while on duty. As a result, each took a

leave of absence and collected workers' compensation benefits.

Upon returning to work, the grievants learned they did not accrue

sick and vacation days during their absences. The grievants

challenged the determination, and their appeals through the DOC's

administrative process were denied. The State and the NJLESA are

parties to the collective negotiations agreement (CNA). As a

result, they sought to arbitrate the dispute as provided by the

provisions of the CNA. The State filed a scope petition, arguing

prorations were required by N.J.A.C. 4A:6-1.5(b), and not

negotiable under the CNA. PERC granted the State's petition and

restrained arbitration of the grievances.

 2 A-4723-15T4
 The issue before us is whether an employee who is out of work

and receiving workers' compensation is considered on leave of

absence without pay; if so the issue is not arbitrable. Following

review of the record and applicable law, we affirm PERC's

determination holding an employee on leave collecting workers'

compensation is on leave without pay. The plain language and

purpose of N.J.A.C. 4A:6-1.5(b) and the Civil Service Act support

this conclusion.

 Before addressing the parties' arguments on appeal, a brief

recapitulation of the grievants' claims and the procedural history

is necessary.

 On April 3, 2013, Sergeant James Pruzinski suffered injuries

while on duty as a corrections officer at East Jersey State Prison

when responding to a Code 33, signifying "an inmate disturbance

and/or other emergency at the facility." Sergeant Pruzinski

received workers' compensation benefits during his absence and

returned to work on May 3, 2013. The DOC, relying on N.J.A.C.

4A:6-1.5(b), authorized reduced benefits after accounting for the

accumulated leave time, which specifically deducted one and one-

half vacation days and one and one-half sick days from time that

would accumulate during this period.

 The NJLESA filed a grievance on Sergeant Pruzinski's behalf

seeking reversal of the reduction of sick and vacation days,

 3 A-4723-15T4
arguing the DOC's actions were in violation of the CNA. It also

argued the DOC violated the applicable regulation, N.J.A.C. 4A:6-

1.5, along with a statute addressing payroll deductions for pension

purposes for workers out on leave. See N.J.S.A. 43:16A-15.2(a).

The grievance was denied resulting in the NJLESA filing a request

for arbitration with PERC, which appointed an arbitrator, and a

hearing was scheduled. Before the arbitration hearing, the State

filed a scope petition requesting PERC restrain arbitration,

arguing Sergeant Pruzinski's grievance was preempted by N.J.A.C.

4A:6-1.5(b) and not subject to arbitration.

 The second grievant, Sergeant Eric Hahn, served as a

correctional officer at the Albert C. Wagner Youth Correctional

Facility. In July 2012, he was injured while on duty, and was

unable to return to work until February 2013. During his absence

he received workers' compensation benefits. Upon his return,

Sergeant Hahn was informed he was placed on "non-pay" status and

did not accrue sick or vacation days during his leave of absence

pursuant to N.J.A.C. 4A:6-1.5(b).

 The NJLESA filed a grievance on Sergeant Hahn's behalf,

challenging the DOC's decision. Like Pruzinski's grievance,

Sergeant Hahn's grievance was denied at both steps of the grievance

process. The NJLESA filed a request for arbitration with PERC,

asserting the same legal challenges as in the Pruzinski matter.

 4 A-4723-15T4
PERC permitted the State to amend the Pruzinski scope petition to

add Hahn's grievance. Both parties filed submissions, and on May

26, 2016, PERC issued a decision granting the amended scope

petition and restraining arbitration of the grievances.

 PERC concluded an employee who is out of work and collecting

workers' compensation is on leave of absence without pay, and thus

the issues grieved were neither mandatory nor permissibly

negotiable, and therefore not arbitrable. Relying on N.J.A.C.

4A:3-4.6, PERC concluded the Civil Service Commission considers

leave without pay, while receiving workers' compensation, to be a

non-pay status. PERC also relied on N.J.A.C. 4A:6-1.5(b), which

limits exemption from proration to furlough leaves and furlough

extension leaves. PERC also concluded N.J.S.A. 34:15-44, upon

which the NJLESA relied, clarified the right of public workers to

collect workers' compensation and provided a bookkeeping mechanism

for the payment of claims, but no language exempted workers

collecting workers' compensation from N.J.A.C. 4A:6-1.5(b).

Finally, PERC rejected grievants' argument relying on the workers'

compensation statutes exempting proration of benefits because the

Civil Service Act serves a different purpose than the workers'

compensation laws, and the two cannot be read in pari materia.

 We begin by reciting our scope of review. "PERC is charged

with administering the New Jersey Employer-Employee Relations Act

 5 A-4723-15T4
(Act), N.J.S.A. 34:13A-1 to -29, and its interpretation of the Act

is entitled to substantial deference." Commc'ns Workers of Am.,

Local 1034 v. N.J. State Policemen's Benevolent Ass'n, Local 201,

412 N.J. Super. 286, 291 (App. Div. 2010). Regarding a state

agency such as PERC, "[w]e do not reverse unless the State agency

decision is shown to be arbitrary, capricious, or unreasonable,

lacking fair support in the evidence, or violative of a legislative

policy expressed or implicit in the governing statute." In re

Cnty of Atlantic, 445 N.J. Super. 1, 20-21 (App. Div. 2016). "We

ask: (1) whether the agency followed the law; (2) whether the

agency's decision is supported by substantial evidence in the

record; and (3) whether in applying the law to the facts, the

agency reached a supportable conclusion." Id. at 21.

 "[W]e owe no special deference to PERC's interpretation of

the law outside its charge." In re Camden Cty. Prosecutor, 394

N.J. Super. 15, 23 (App. Div. 2007). "[T]he scope of our review

of PERC's factual determinations is limited; the evaluation of

evidence is the province of PERC rather than of the courts, and

when these determinations fall within PERC's special sphere of

expertise, we accord them due weight." In re Hunterdon Cty. Bd.

of Chosen Freeholders, 116 N.J. 322, 329 (1989).

 "PERC has primary jurisdiction to make a determination on the

merits of the question of whether the subject matter of a

 6 A-4723-15T4
particular dispute is within the scope of collective

negotiations." Ridgefield Park Educ. Ass'n v. Ridgefield Park Bd.

of Educ., 78 N.J. 144, 153, 154 (1978). Id. at 155. ("[A] ruling

[on the scope of collective negotiations] must [first] be obtained

from PERC."). N.J.S.A. 34:13A-5.4(d) describes this process as

follows:

 [PERC] shall at all times have the power and
 duty, upon the request of any public employer
 or majority representative, to make a
 determination as to whether a matter in
 dispute is within the scope of collective
 negotiations. The commission shall serve the
 parties with its findings of fact and
 conclusions of law. Any determination made
 by the commission pursuant to this subsection
 may be appealed to the Appellate Division of
 the Superior Court.

 "The standard of review of a PERC decision concerning the

scope of negotiations is 'thoroughly settled. The administrative

determination will stand unless it is clearly demonstrated to be

arbitrary or capricious.'" City of Jersey City v. Jersey City

Police Officers Benevolent Ass'n, 154 N.J. 555, 568 (1998) (quoting

Hunterdon Cty., supra, 116 N.J. at 329)).

 In determining whether a subject is negotiable, law

enforcement officers are entitled to a broader scope of negotiation

than other state employees, because N.J.S.A. 34:13A-16 allows for

permissive categories of negotiations in addition to the usual

mandatory categories. Paterson Police PBA No.1 v. City of

 7 A-4723-15T4
Paterson, 87 N.J. 78, 92-93 (1981). According to our Supreme

Court in Paterson Police PBA No.1:

 First, it must be determined whether the
 particular item in dispute is controlled by a
 specific statute or regulation. If it is, the
 parties may not include any inconsistent term
 in their agreement. If an item is not mandated
 by statute or regulation but is within the
 general discretionary powers of a public
 employer, the next step is to determine
 whether it is a term or condition of
 employment as we have defined the phrase. An
 item that intimately and directly affects the
 work and welfare of police and firefighters,
 like any other public employees, and on which
 negotiated agreement would not significantly
 interfere with the exercise of inherent or
 express management prerogatives is
 mandatorily negotiable. In a case involving
 police and firefighters, if an item is not
 mandatorily negotiable, one last determin-
 ation must be made. If it places substantial
 limitations on government's policy making
 powers, the item must always remain within
 managerial prerogatives and cannot be
 bargained away. However, it these
 governmental powers remain essentially
 unfettered by agreement on that item, then it
 is permissively negotiable.

 [Ibid. (citations omitted).]

 We also must review the regulation relied upon by PERC which

states:

 An employee who leaves State service or goes
 on a leave of absence without pay before the
 end of the calendar year shall have his or her
 leave prorated based on time earned, except
 that the leave of an employee on a voluntary
 furlough or furlough extension leave shall not
 be affected. An employee who is on the payroll

 8 A-4723-15T4
 for greater than 23 days shall earn a full
 month's allowance, and earn one-half month's
 allowance if he or she is on the payroll from
 the 9th through the 23rd day of the month.

 1. An employee shall reimburse the
 appointing authority for paid
 working days used in excess of his
 or her prorates and accumulated
 entitlements.

 2. An employee who returns to work
 from a leave or absence shall not
 be credited with paid vacation or
 sick leave until the amount of leave
 used in excess of the prorated
 entitlement has been reimbursed.

 [N.J.A.C. 4A:6-1.5(b).]

 PERC held N.J.A.C. 4A:6-1.5(b)(2) preempts arbitration over

the issue of proration of leave because the plain language of the

regulation exempts only those on furlough or a furlough extension

leave. The parties agree N.J.A.C. 4A:6-1.5(b)(2) is preemptive

when applicable, but dispute whether it governs employees who are

on a leave of absence and collecting workers' compensation

benefits.

 The NJLESA argues PERC erred in granting the State's scope

petition because it improperly determined Sergeants Hahn and

Pruzinski were on a leave of absence without pay during the period

they were out of work and collecting workers' compensation

benefits. It argues both grievants remained on the State's payroll

 9 A-4723-15T4
during this time period and thus the preemptive provisions of

N.J.A.C. 4A:6-1.5(b) were inapplicable.

 The NJLESA asserts an employee out of work on workers'

compensation should not be treated as if on a leave of absence

without pay. Instead, it argues Sergeants Pruzinski and Hahn

should have been classified as on active service and on the State's

payroll during the time they were unable to work due to their on-

the-job injuries.

 To properly address the parties' claims under the regulation,

we must understand the Legislature's intent. "We interpret a

regulation in the same manner we would interpret a statute." US

BANK, N.A. v. Hough, 210 N.J. 187, 199 (2012). We begin our

analysis with the plain language of the regulation in question.

See State v. Gelman, 195 N.J. 475, 482 (2008) (citing DiProspero

v. Penn, 183 N.J. 477, 492 (2005)). "The Legislature's intent is

the paramount goal when interpreting a statute and, generally, the

best indicator of that intent is the statutory language."

DiProspero, supra, 183 N.J. at 492. To discover that intent, we

give the words of the regulation their "ordinary and common

significance." Lane v. Holderman, 23 N.J. 304, 313 (1957). "Only

if the statutory language is susceptible to 'more than one

plausible interpretation' do we turn to such extrinsic aids as

 10 A-4723-15T4
legislative history for help in deciphering what the Legislature

intended." Gelman, supra, 195 N.J. at 482.

 Here, a plain reading of N.J.A.C. 4A:6-1.5(b) requires the

proration of vacation and sick days in only two situations, where

an individual: (1) leaves state service; or (2) takes a leave of

absence without pay. N.J.A.C. 4A:6-1.5(b). Further, the use of

the word "shall" affords no discretion and thus the regulation is

mandatory.

 The NJLESA contests whether N.J.A.C. 4A:6-1.5(b)'s language

"on a leave of absence without pay before the end of the calendar

year" applies to Sergeants Pruzinski and Hahn while they were

collecting workers' compensation benefits. A leave of absence is

generally considered without pay "unless otherwise provided by

statute." N.J.A.C. 4A:6-1.10(a). This regulation allows an

employer to provide an injured employee unpaid leave of absence.

Nothing in these regulations exempts absent workers receiving

workers' compensation benefits from the term "on leave of absence

without pay" contained in N.J.A.C. 4A:6-1.5(b). Further, as PERC

noted, N.J.A.C. 4A:6-1.5(b) explicitly exempts only those

employees on furlough leave. Thus, the plain language of the

regulation, PERC's conclusion "the Commission intended all other

unpaid leaves to trigger the proration requirement" which is not

arbitrary, capricious or unreasonable.

 11 A-4723-15T4
 We also agree PERC's decision was supported by the regulatory

purpose of N.J.A.C. 4A:6-1.5(b), a civil service regulation,

rather than the other non-civil service statutory provisions the

NJLESA relies upon. Specifically, the NJLESA cites N.J.S.A. 34:15-

44, entitled "Names of Public Employees Carried on Pay Roll" which

states:

 When any payment of compensation under this
 chapter shall be due to any public employee,
 the name of the injured employee, or in case
 of his death, the names of the persons to whom
 payment is to be made as his dependents, shall
 be carried upon the pay roll, and payment
 shall be made in the same manner and from the
 same source in which and from which the wages
 of the injured employee were paid.

 The NJLESA argues because N.J.S.A. 34:15-44 statutorily

defines employees who collect workers' compensation benefits on a

leave of absence as "on the payroll," it is determinative of the

regulatory term of "on a leave of absence without pay" contained

in N.J.A.C. 4A:6-1.5(b).

 The NJLESA also points to N.J.S.A. 43:16A-15.2, entitled

"Periodic Benefits Payable Under Workers' Compensation Law; Salary

Deductions Paid by Employer; Retirement Benefits Application,"

which states:

 If any member of the retirement system
 receives periodic benefits payable under the
 Workers' Compensation Law during the course
 of his active service, in lieu of his normal
 compensation, his regular salary deductions

 12 A-4723-15T4
 shall be paid to the retirement system by his
 employer. . . . The moneys paid by the
 employer shall be credited to the member's
 account in the annuity savings fund and shall
 be treated as employee contributions for all
 purposes. . . .

 [N.J.S.A. 43:16A-15.2(a).]

 The NJLESA argues a plain reading of this statute states a

member who is receiving workers' compensation benefits shall be

considered as if the member were in active service for pension

purposes. Although the NJLESA concedes N.J.S.A. 34:15-44 and

N.J.S.A. 43:16A-15.2 are pension statutes inapplicable to PERC,

it argues they should be read in pari materia with N.J.A.C. 4A:6-

1.5(b), to support the conclusion Sergeants Pruzinski and Hahn

were on the payroll and not "on a leave of absence without pay."

Again, we disagree.

 Neither N.J.S.A. 34:15-44 nor N.J.S.A. 43:16A-15.2(a) are

binding on the Civil Service Commission. The Civil Service Act

supersedes any other law inconsistent with its provisions.

N.J.S.A. 11A:12-1. Moreover, relying on our decision in Morreale

v. State, Civil Service Commission, 166 N.J. Super. 536, 539 (App.

Div. 1979), PERC found an in pari materia reading of the regulation

and statute was not possible because the purpose of the workers'

compensation statute differs from the civil service regulation.

 13 A-4723-15T4
 In Morreale, the appellant, a state employee, was injured

away from work during an early lunch break, taken as a result of

a bomb scare causing the evacuation of her office. Ibid. The

appellant in Morreale argued the sick leave regulations and the

workers' compensation statute should be read in pari materia to

provide disability sick leave because the lunch time accident

should be considered a work accident. Ibid. We rejected the

invitation to read the sick leave regulation in pari materia with

the workers' compensation statute as "unsound" because we found

the statutes had wholly different purposes. Ibid. Specifically,

we stated:

 [The] workers' compensation statute is
 considered by our courts as 'human social
 legislation designed to place the cost of
 worker-connected injury on the employer who
 may readily provide for it as an operating
 expense. . . . [Whereas] Title 11 of the
 Revised Statutes ("Civil Service") has the
 different objective of achieving an efficient
 public service system for the welfare of all
 citizens by establishment of a merit system
 of appointment with built-in security
 features.

 [Ibid.]

 In Novak v. Camden County Health Services Center Board of

Managers, 255 N.J. Super. 93 (App. Div. 1992), we reversed a trial

court finding a public employee out of work receiving workers'

compensation could not be discharged from employment as a result

 14 A-4723-15T4
of a general workforce reduction. Id. at 99. There as well we

concluded the purpose of the workers' compensation statute was

separate from the civil service regulation, which permitted the

government to take reasonable measures to achieve economy by a

workforce reduction completely unrelated to the reasons for the

employee's receipt of workers' compensation. Id. at 96. In Novak

we took the opportunity to elucidate and contrast the purpose of

the workers' compensation laws and the Civil Service Act. We

stated:

 N.J.S.A. 34:15-44 was designed to clarify the
 right of public employees to collect workers'
 compensation and to provide a bookkeeping
 mechanism for the payment of appropriate
 claims. . . . In contrast . . . [t]he primary
 object of the Civil Service Act is to 'secure
 efficient public service at all levels of
 government.'

 [Novak, supra, 255 N.J. Super. at 97-98
 (quoting Malone v. Fender, 80 N.J. 129, 140,
 (1979)).]

 Here, relying on our decisions, PERC concluded the in pari

materia reading sought by the NJLESA was, as in Morreale,

"unsound." PERC stated: "We discern no intent from the statute

or any other provision of the workers' compensation law that State

employees on leave while receiving workers' compensation benefits

should be exempt from the proration mandate of N.J.A.C. 4A:6-

1.5(b)." We are unable to conclude this reasoning is arbitrary,

 15 A-4723-15T4
capricious or unreasonable, let alone inconsistent with the intent

of the Legislature.

 As noted by PERC, other civil service regulations addressing

leave without pay while receiving workers' compensation draw a

closer analogy to N.J.A.C. 4A:6-1.5(b) than the statutes relied

upon by the NJLESA. Indeed, PERC concluded that N.J.A.C. 4A:3-

4.6, which states "a leave without pay while receiving workers'

compensation benefits" is a form of "non-pay" status for purposes

of calculating anniversary dates, more indicative of the

regulatory intent of N.J.A.C. 4A:6-1.5(b) than N.J.S.A. 43:16A-

15.2(a). We find no basis to conclude this aspect of PERC's

determination was arbitrary, capricious or unreasonable.

 Lastly, the NJLESA argues affirming PERC's ruling would

punish Sergeants Pruzinski and Hahn for being out of work due to

work-related injuries, and its decision "runs afoul not only of

the applicable law, but common sense as well." As we stated in

Morreale and Novak, the purpose of the Civil Service Act is to

secure efficient public service for the welfare of all citizens

as opposed to secure the rights of individual employees. It is

natural for the enforcement of such regulations to leave the

impression of unfair treatment of the employees who serve in

dangerous and difficult jobs as the grievants do here. But, as

noted by PERC, the NJLESA's remedy is to seek modification of the

 16 A-4723-15T4
regulation from the Civil Service Commission because it "has been

delegated the authority 'to designate the types of leaves and

adopt rules for State employees . . . regarding procedures for

sick leave, vacation leave and other designated leaves with or

without pay as the Civil Service Commission may designate.'" In

State v. State Supervisory Employees Association, 78 N.J. 54, 82

(1978), our Supreme Court held "[i]f the subject matter is covered

by a specific Civil Service regulation and the parties are

dissatisfied, their recourse is to seek a modification of such

regulation through the administrative process."

 Because we agree N.J.A.C. 4A:6-1.5(b) applies and thus does

not permit arbitration of the grievants' claims, their best course

of relief is to revisit the regulation directly with the Civil

Service Commission.

 Affirmed.

 17 A-4723-15T4