**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2095-19

IN THE MATTER OF ATLANTIC
COUNTY SHERIFF'S OFFICE,

    Petitioner-Respondent,

and

PBA LOCAL 243,

    Respondent-Appellant.

_____

Argued May 5, 2021 – Decided June 8, 2021

Before Judges Alvarez and Mitterhoff.

On appeal from the New Jersey Public Employment Relations Commission, PERC No. 2020-33.

Michael P. DeRose argued the cause for appellant (Crivelli & Barbati, LLC, attorneys; Michael P. DeRose, on the brief).

Jennifer P. Starr argued the cause for respondent Atlantic County Sheriff's Office (Atlantic County Department of Law, attorneys; Jennifer P. Starr, on the brief).

Ramiro A. Perez, Deputy General Counsel, argued the cause for respondent New Jersey Public Employment Relations Commission (Christine Lucarelli, General Counsel, attorney; Ramiro A. Perez, on the statement in lieu of brief).

PER CURIAM

On December 19, 2019, the Public Employment Relations Commission (PERC) restrained binding arbitration sought by Policemen's Benevolent Association (PBA) Local 243. The union's grievance alleged that the Atlantic County Sheriff's Department violated the parties' Collective Negotiating Agreement (CNA), extended through December 31, 2022, in a Memorandum of Agreement (MOA), by virtue of staffing policies in the Atlantic County civil and criminal courthouses. We affirm.

The PBA represents sheriff's officers and investigators, exclusive of the sheriff, undersheriff, chief sheriff's officers, sergeants, captains, and lieutenants. The union alleges current staffing policies violate CNA Article 1.04, Article 3.01, "and any other applicable articles of the Labor Agreement, the Attorney General's Guidelines on Internal Affairs, Federal, State, and/or PERC law, court [s]ecurity [p]lan or a controversy . . . ." The PBA claimed that sheriff staffing created unsafe conditions in the civil and criminal courtrooms in Atlantic City and Mays Landing, and did not comply with the Administrative Office of the

2                                                                          A-2095-19

Courts Model Court Security Plan. That plan, issued some years ago, requires an officer to be present in the courtroom whenever a judge or hearing officer is conducting proceedings.

Undersheriff Richard Komar certified, in support of the application to restrain arbitration made to PERC, that the County meets that plan, and that in fact, in addition to an officer assigned to a courtroom as a baseline when court is in session, one officer is assigned per incarcerated defendant in the criminal courtrooms. Komar had initially denied the grievance because the County was in compliance with the state plan, actually exceeding it, and because staffing decisions fell within management's prerogative. The Sheriff's Department also denies the PBA's allegation that at times one officer was responsible for multiple courtrooms. The Sheriff's Department pulled log-in records of a particular day in the month for a number of years to prove its position.

PERC administers the New Jersey Employer-Employee Relations Act (Act), N.J.S.A. 34:13A-1 to -30, and is vested with the authority to determine whether a particular issue falls within the scope of collective negotiations. In re Jersey City v. Jersey City Police Officers Benev. Ass'n, 154 N.J. 555, 567-68 (1998). Relying on Paterson Police PBA Local No. 1 v. City of Paterson, 87 N.J. 78, 92-93 (1981), PERC ruled that although the scope of arbitrable issues

A-2095-19

available to police and firefighters is greater than for other public employees, it cannot include subjects within the category of managerial prerogatives, including staffing decisions. To allow the grievance to proceed on that issue "would significantly interfere with the County's policymaking powers." Thus, consistent with past precedent and practice, "[w]here a grievance has challenged staffing decisions, but seeks no safety-related remedy that can be granted without affecting staffing levels, we have restrained arbitration." PERC further explained that "because the County's staffing decisions are neither mandatorily nor permissibly negotiable[,]" arbitration would be restrained.

The PBA now asserts PERC's decision was arbitrary, capricious, and lacking support in the law. The standard is correct. When an agency's decision is reviewed on appeal, it is not disturbed absent "a showing that it was arbitrary, capricious or unreasonable, or that it lacked fair support in the evidence, or that it violated a legislative policy expressed or implicit in the governing statute." Commc'ns Workers of Am., Local 1034 v. N.J. State Policemen's Benev. Ass'n, Local 203, 412 N.J. Super. 286, 291 (App. Div. 2010) (internal emphasis omitted) (quoting In re Camden Cnty. Prosecutor, 394 N.J. Super. 15, 22-23 (App. Div. 2007)). Given the strong presumption of reasonableness we accord

such judgments, we review them in limited fashion. Twp. of Franklin v. Franklin Twp. PBA Local 154, 424 N.J. Super. 369, 377 (App. Div. 2012).

Decisions regarding which subjects are mandatorily negotiable are made on a case-by-case basis. Id. at 378. The negotiability and arbitrability of an issue is resolved based on whether:

> (1)    the item intimately and directly affects the work and welfare of public employees;
>
> (2)    the subject has not been fully or partially preempted by statute or regulation; and
>
> (3)    a negotiated agreement would not significantly interfere with the determination of governmental policy.
>
> [In re Jersey City, 154 N.J. at 568.]

As to the first prong, ordinarily matters such as the rate of compensation or work hours are deemed to have a direct impact on the work and welfare of public employees. Franklin Twp., 424 N.J. Super. at 379. The second prong addresses "issues not statutorily preempted from arbitration." Ibid. The third criterion is whether a negotiated agreement would significantly interfere with a determination of governmental policy—in other words, whether it would interfere with managerial prerogatives. See Morris Cnty. Sheriff's Off. v.

Morris Cnty. Policemen's Benev. Ass'n, Local 298, 418 N.J. Super. 64, 75-76 (App. Div. 2011).

Staffing decisions are ordinarily considered the exercise of a managerial prerogative, as significant policy concerns play into them. Examples of such decisions would be the transfer or reassignment of employees, decisions to reduce a work force for economy or efficiency, and to contract out or to subcontract work. See In re Local 195, 88 N.J. 393, 408, 417 (1982). By framing this question in terms of safety, the PBA hopes to cast the sought-after arbitration as outside the scope of the managerial prerogative.

The record does not substantiate the union's claim that the County's practices are unsafe, however, or fail to comply with the Model Court Plan. Even if that were the case, it is not PERC's role to resolve factual disputes. Rather, its role is limited to resolution of the scope-of-negotiations petition. Richfield Park Ed. Ass'n v. Richfield Park Bd. of Ed., 78 N.J. 144, 154 (1978) ("[W]hether the facts are as alleged by the grievant . . . is not to be determined by a commission in a scope proceeding.").

By attempting to cast the question as one of safety, the PBA attempts to establish a premise that would enable PERC to resolve a factual dispute not within its actual mandate. Thus, there is nothing arbitrary, capricious,

6

unreasonable, lacking support in the evidence, or in violation of PERC's legislative grant of authority in its decision that this staffing decision was not arbitrable. There was no impropriety in the restraint of arbitration. See In re Herrmann, 192 N.J. 19, 27-28 (2007).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION