**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0647-22

SERGEANT FIRST CLASS
BARRY SAUL (#5315),

    Plaintiff-Appellant,

v.

STATE OF NEW JERSEY,
DIVISION OF STATE POLICE,
COLONEL PATRICK CALLAHAN,
and MAJOR ROBERT LINDEN,

    Defendants-Respondents.

_____

        Argued February 6, 2024 – Decided February 22, 2024

        Before Judges Sumners and Perez Friscia.

        On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0783-19.

        George T. Daggett argued the cause for appellant.

        Azeem M. Chaudry, Deputy Attorney General, argued the cause for respondents (Matthew J. Platkin, Attorney General, attorney; Sara M. Gregory, Assistant Attorney General, of counsel and on the brief; Azeem M. Chaudry, on the brief).

PER CURIAM

Plaintiff Sergeant First Class Barry Saul appeals from the Law Division's July 28 and October 21, 2022 orders granting defendants State of New Jersey, Division of the State Police (NJSP), Colonel Patrick Callahan, and Major Robert Linden summary judgment dismissing plaintiff's claims with prejudice, and denying reconsideration. Following our review of the record and applicable law, we affirm.

I.

We view the following facts established in the summary judgment record in a light most favorable to plaintiff. See Friedman v. Martinez, 242 N.J. 449, 472 (2020). On April 7, 2020, plaintiff retired as a sergeant first class from the NJSP after twenty-five years of service. Prior to his retirement, on March 22, 2018, plaintiff had ranked first on the tier list for the position of lieutenant, station commander, South Region, Field Operations.

On March 23, Sergeant Robert Gates placed first in the tier ranking for lieutenant in the Special Investigations Unit (SIU) in the South Region and was promoted to lieutenant on May 2. Two weeks later, Gates was transferred to a newly opened position as station commander at the Metro South Unit. The position was not posted for applicants. Contemporaneously, Detective Sergeant

Robert Coia was transferred to the SIU as the Assistant Unit Head. Coia was promoted to lieutenant in the SIU South, filling Gates's prior position. Defendants Linden and Callahan facilitated and approved the transfers. Plaintiff believed the impetus for Gates's promotion was for Linden to repay Coia for coaching Linden's son in baseball.

Almost a year later, on April 9, 2019, Major Jeanne Hengemuhle, Commanding Officer of the Human Resources section, received Saul's reportable incident report. Plaintiff alleged Gates's promotion to lieutenant and transfer to station commander in less than the required six-month waiting period after his new assignment violated the NJSP's Operations Instruction (O.I.) policy. Hengemuhle investigated and found the promotion was proper because the vacancy was not posted and "the Troop A Command ha[d] the ability to transfer a member within six months of a promotion" in an emergent circumstance at the Superintendent's direction. On May 5, Hengemuhle forwarded the recommendation to the Field Operations Section for Captain Frank Manghisi's review. Manghisi found that although Gates was promoted in less than the necessary six-month period, the station commander position was not posted and the "Troop A Command" could laterally transfer Gates as a lieutenant to the position. Further, because Gates had superior experience in

A-0647-22

"Criminal Investigations, Special Investigations, and prior assignments in the Metro South Unit" to the other tier list members, he found it was within the Superintendent's office's discretion to find an emergent circumstance "from a risk management and trooper safety perspective." Manghisi recommended administratively closing Saul's case as he found no violation of the O.I.

The State of New Jersey and the State Troopers NCO Association of New Jersey (Association) were parties to a Collective Negotiations Agreement (CNA), from July 1, 2012 to June 30, 2017. The CNA provided for continued automatic renewal as follows:

> A. This Agreement shall continue in full force and effect until June 30, 2017, and shall be automatically renewed from year to year thereafter unless either party shall notify the other in writing by certified mail prior to October 1 in the year preceding the contract expiration that it desires to amend the terms of this Agreement. Either party may submit to the other a written list of changes desired in the terms of a successor Agreement.
>
> B. Should either party notify the other of its desire to amend this Agreement through the procedure in A. above, the terms of this Agreement shall remain in force until the effective date of a successor Agreement.

The subsection concerning "Promotions" in the CNA provided:

> A. Promotions to the rank of Sergeant First Class, Detective Sergeant First Class, and Lieutenant shall be made based upon the application of relevant and

4

> reasonable criteria and sub-criteria to be established by
> the [NJSP] as to each vacancy to be filled by promotion.

The Association negotiated the CNA "for all enlisted Non-Commissioned Officers in the [NJSP] but excluding all Troopers, and Commissioned Officers, for collective negotiations concerning wages, hours[,] and conditions of employment."

The CNA contained specific provisions regarding promotions and the filing of a promotion-related grievance. The CNA defined a "grievance" as an allegation regarding "[a] breach, misinterpretation[,] or improper application of the terms of th[e] Agreement" or "[a] claimed violation, misinterpretation[,] or misapplication of the written rules and regulations, policy or procedures affecting the terms and conditions of employment."

An Association member could initiate a grievance by reviewing available documentation "[w]ithin the two[-]week period following the announcement of the promotion(s)." The member could then proceed to phase two with "a grievance concerning the promotion process if otherwise arbitrable."

If the grievance was not resolved and it involved a "breach, misinterpretation or improper application of the terms of th[e] Agreement," phase three provided that a grievance could be brought "to arbitration pursuant to the rules of the Public Employee Relations[] Commission [(PERC)]." If an

A-0647-22

unresolved grievance involved a "claimed violation, misinterpretation or misapplication of the written rules and regulations, policy or procedures affecting the terms and conditions of employment," phase three permitted submission to the Attorney General and pursuit of "the arbitrability of such issues before . . . [PERC]" for a final and binding decision upon the parties.

The O.I.'s purpose was "to establish a promotional process for members of the [NJSP]." The O.I. provided the terms of the NJSP promotional process and "ranked and identif[ied] members qualified to be promoted." The O.I. specifically stated that "[t]he Superintendent shall maintain managerial prerogative to make any and all promotions subject to the statutory authority of the Attorney General pursuant to [N.J.S.A.] 53:1-5.2." Further, "[a]ll promotional vacancies [were] governed by this [O.I.] unless an exemption [wa]s granted or issued by the Superintendent." The O.I. provided the following regarding the tiers and transfers after promotion:

> The tiers for a final promotional list are not interchangeable with the tiers for any other final promotion list that has a vacancy opening or current active promotional list for the same rank and job description in the [Section / Region-Troop/Office]. A member promoted must serve at least six months in their promoted assignment before they may be transferred to another assignment. In an emergent circumstance, and at the discretion of the

> Superintendent, a member may be required to forgo their six[-]month period.

On April 17, 2019, plaintiff filed a two-count Law Division complaint asserting "[f]ailure to [p]romote" against defendants. Defendants answered after their motion to dismiss was denied. On November 13, 2020, plaintiff filed a four-count amended complaint asserting: a "failure to promote" based upon "a violation of the [O.I.]"; "violations in the promotion process" should be investigated by the "Office of the Attorney General"; Callahan condoned the violation engineered to "personally benefit" Linden; and the violation "wrongly deprived . . . [p]laintiff of a promotion to [l]ieutenant." Defendants moved for summary judgment.

On July 28, 2022, after argument, the judge issued an oral decision and entered an order granting defendants summary judgment and dismissing plaintiff's claims with prejudice. The judge found "the grievance procedure . . . provide[d] a forum that was collectively negotiated" for plaintiff to challenge his failure to be promoted claims, but he "chose not to avail himself of" the process. Thereafter, the judge denied Saul's motion for reconsideration.

On appeal, plaintiff argues: defendants violated the O.I. by precluding plaintiff and others from being considered for promotion to station commander

A-0647-22

and the judge "confused a contractual violation with a violation of 42 U.S.C. [§] 1983 and [§] 1985(3)."

## II.

We review a trial court's summary judgment decision de novo, "applying the same standard used by the trial court" under Rule 4:46-2(c). Samolyk v. Berthe, 251 N.J. 73, 78 (2022). "The court's function is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). To rule on summary judgment, courts must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (quoting Liberty Surplus Ins. Corp. v. Nowell Amoroso, P.A., 189 N.J. 436, 445-46 (2007)).

"A dispute of material fact is 'genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.'" Gayles by Gayles v. Sky

A-0647-22

Zone Trampoline Park, 468 N.J. Super. 17, 22 (App. Div. 2021) (quoting Grande v. Saint Clare's Health Sys., 230 N.J. 1, 24 (2017)). "Rule 4:46-2(c)'s 'genuine issue [of] material fact' standard mandates that the opposing party do more than 'point[] to any fact in dispute' in order to defeat summary judgment." Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016) (alteration in original) (first quoting R. 4:46-2(c); and then quoting Brill, 142 N.J. at 529). Insubstantial arguments based on assumptions or speculation are not enough to overcome summary judgment. Brill, 142 N.J. at 529; see also Dickson v. Cmty. Bus Lines, Inc., 458 N.J. Super. 522, 533 (App. Div. 2019) ("'[C]onclusory and self-serving assertions by one of the parties are insufficient to overcome' a motion for summary judgment." (quoting Puder v. Buechel, 183 N.J. 428, 440-41 (2005))).

III.

Plaintiff's contention that summary judgment was wrongly granted because material issues of fact exist under 42 U.S.C. § 1983 is unavailing because plaintiff did not plead a § 1983 claim. Plaintiff's amended complaint essentially alleged the "failure to promote" him violated the O.I. by depriving him of the promotion to lieutenant, and that the promotions made were engineered to "personally benefit" Linden. The complaint acknowledged the O.I. governed the promotional process which was "based on merit." A liberal

9

review of the complaint does not suggest a § 1983 claim. Further, we observe plaintiff did not seek leave to further amend his complaint.

As our Supreme Court explained:

> [T]he fundament of a cause of action, however inartfully it may be stated, still must be discernable within the four corners of the complaint. A thoroughly deficient complaint—a complaint that completely omits the underlying basis for relief—cannot be sustained as a matter of fundamental fairness. An opposing party must know what it is defending against; how else would it conduct an investigation and discovery to meet the claim?
>
> [Bauer v. Nesbitt, 198 N.J. 601, 610 (2009).]

Further, Rule 4:5-7 requires "[e]ach allegation of a pleading . . . be simple, concise and direct, and no technical forms of pleading are required." Here, plaintiff's pleadings failed to "fairly apprise [the] adverse party of the claims and issues to be raised at trial." Bauer, 198 N.J. at 610 (quoting Dewey v. R.J. Reynolds Tobacco Co., 121 N.J. 69, 75 (1990)).

Although plaintiff did not properly plead a § 1983 violation and "summary judgment was appropriate on that ground alone," Stewart v. N.J. Turnpike Auth./Garden State Parkway, 249 N.J. 642, 657 (2022), we add the following comments. Plaintiff's argument that defendants violated his right to "due process," because he had a property interest in the "right of entitlement to be

10

considered for the position of [s]tation [c]ommander," is unsupported. As plaintiff acknowledged, the Superintendent had the discretion to post the station commander vacancy because the CNA provided "[a]t the direction of the Superintendent, the Promotional Systems Unit shall post a message . . . to announce the commencement of a promotional process." Further, although the O.I. required a promoted member to "serve at least six months in their promoted assignment," the CNA provided the member "may be required to forgo their six [-]month period" if there was "an emergent circumstance . . . at the discretion of the Superintendent." Any recognized "protectible interest in continued employment" that plaintiff had, In re Carberry, 114 N.J. 574, 583 (1989), did not equate a legitimate claim of entitlement for consideration of the unposted station commander position. Plaintiff failed to establish a material issue of fact regarding the entitlement to consideration for the promotion. A "public employee who has no statutory or contractual entitlement to his job has no property interest." Battaglia v. Union Cnty. Welfare Bd., 88 N.J. 48, 56 (1981).

We also reject plaintiff's contention that material issues of fact exist regarding defendants' violations of the O.I. which resulted in the preclusion of plaintiff and others from consideration of the station commander promotion. As a threshold matter, plaintiff failed to demonstrate a dispute of fact regarding his

11

requirement to pursue recourse under the CNA's established grievance procedure. As the judge aptly found, "this case boil[ed] down to whether this [wa]s the right forum for . . . plaintiff to litigate his [claims] against" defendants when there existed a "policy and procedure for the submission and settlement of grievances of employees of th[e] negotiating unit." The judge further found that despite plaintiff's failure to state specific causes of action beyond a failure to promote under the O.I., defendants addressed "all the conceivable theories" and he determined there were no separate "private . . . cause[s] of action here."

We further conclude plaintiff was bound to the CNA's "establishe[d] . . . policy and procedure for the submission and settlement of grievances of employees of th[e] negotiating unit." Under the CNA, plaintiff was entitled to file a grievance for a "breach, misinterpretation or improper application of the terms of th[e] [a]greement," which provided for resolution through "arbitration pursuant to the rules of . . . PERC." Alternatively, plaintiff could have filed a grievance alleging a "claimed violation, misinterpretation or misapplication of the written rules and regulations, policy[,] or procedures affecting the terms and conditions of employment" which provided for submission to the Attorney General and allowed for "the arbitrability of such issues before [PERC]."

We observe "PERC is charged with administering the [New Jersey Employer-Employee Relations Act], N.J.S.A. 34:13A-1 to -[64] and its interpretation of the Act." State (Div. of State Police) v. N.J. State Trooper Captains Ass'n, 441 N.J. Super. 55, 63 (App. Div. 2015) (quoting CWA, Local 1034 v. N.J. State PBA, Local 203, 412 N.J. Super. 286, 291 (App. Div. 2010)). "PERC has primary jurisdiction to make a determination on the merits of the question of whether the subject matter of a particular dispute is within the scope of collective negotiations." Ridgefield Park Educ. Ass'n v. Ridgefield Park Bd. of Educ., 78 N.J. 144, 154 (1978) (citing N.J.S.A. 34:13A-5.4(d)). Such subject matter includes either "mandatorily negotiable terms and conditions of employment [or] non-negotiable matters of governmental policy." In re Local 195, IFPTE v. State, 88 N.J. 393, 402 (1982) (quoting Ridgefield Park, 78 N.J. at 162).[1]

Lastly, plaintiff's argument that the CNA was inapplicable because it was "outdated" is also unavailing. See Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div. 1998) (noting "a non-movant will be unsuccessful 'merely by pointing to any fact in dispute'" (quoting Brill, 142 N.J.

---

[1] We note the holding of In re Local 195 has been superseded in part by statute, N.J.S.A. 34:13A-23, but only in the context of public school employment.

at 529-30)).  The CNA provided it "shall be automatically renewed from year to year thereafter unless either party shall notify the other" and "the terms of th[e] [a]greement shall remain in force until the effective date of a successor [a]greement."  Plaintiff failed to establish the unavailability of recourse under the CNA to file a promotion-related grievance in accordance with the established process.

To the extent not addressed, plaintiff's remaining arguments lack sufficient merit to warrant discussion in our written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0647-22